## Bulkley *v.* Bulkley.

### In the Court below,

JONATHAN BULKLEY, and ELIPHALET BULKLEY, Jun. *Petitioners;* JOHN BULKLEY, and JOSHUA BULKLEY, *Respondents.*

THIS was a petition in chancery to redeem mortgaged premises.

It appeared from the petition, that the mortgage was made June 14th, 1771; and that the mortgagees went immediately into possession, taking the whole rents and profits. The petition was dated September 12th, 1804.

The respondents demurred to the petition, and the Superior Court adjudged the same insufficient.

*Ingersoll* and *R. Griswold,* for the plaintiffs in error, contended, that the respondents could not avail themselves of length of time, in analogy to the statute of limitations, to bar the petitioners equity, *on demurrer* : but must insist on it by answer in their order to give the petitioners an opportunity to shew, on the hearing, that they were within the savings of the statute. The case of *Aggas* v. *Pickerill,* (a) was cited, and principally relied on.

*Spalding,* for the defendants in error, contended, that when a party makes application to a court of chancery for relief, he must shew, that he comes within the rules of chancery, or his petition may be properly dismissed on demurrer.

BY THE COURT,

The judgment was reversed.

(a) 3 *Atk.* 225.

Though length of time may be an equitable bar, in analogy to the statute of limitations, to a bill to redeem ; the respondent cannot take advantage of it on demurrer, but must insist on it by his answer, in order to give the petitioner an opportunity to shew, on the hearing, that he is within the savings of the statute.