## HASKELL *vs.* BAILEY AND OTHERS.

Where a mortgagor has been permitted to remain in the undisturbed posses-
sion of the mortgaged premises, for a period of more than fifteen years,
without the payment of any portion of the mortgage debt, or the per-
formance of any act recognizing the continued existence of the mortgage,
and until after an action for the recovery of the debt has become barred
by the statute of limitations, the mortgagee will not be permitted to sue
for a foreclosure.

The rule, that the defendant must plead the statute of limitations, to avail
himself of its benefits, does not apply to suits in chancery.

A mortgagee brought his bill to foreclose certain premises, mortgaged to
him, to secure a promissory note, payable on demand. No answer was
filed to the bill, and the cause was referred to a committee, from whose
report it appeared, that no payment had been made upon the note, for
more than seventeen years, and that, during all that time, the mortgagor
had continued in the uninterrupted possession of the premises. Held,
that the mortgagee was barred of the right to foreclose said premises, by
the statute of limitations, and that the defendant might avail himself of
this defence, although not pleaded by him.

THIS was a bill in equity, praying for the foreclosure of
mortgaged premises. No answer to the bill was filed, and
the cause was referred to a committee, who made his re-
port to the superior court, holden at Norwich, on the third
Tuesday of March, 1853.

The committee found, that, on the 22d day of February,
1833, the defendant, Bailey, made and delivered to Joseph
Bailey, the intestate, then in full life, since deceased, his
promissory note, of that date, for the sum of $1,278.99,
payable on demand, with annual interest; and, to secure
the payment of said note, executed a mortgage of the prem-
ises; the condition of the deed being, that, if he paid the
note, the deed was to be void. No payment was ever made,
and the mortgagor continued in the undisturbed possession
of the premises, until the suit was commenced, on the 3d
day of March, 1852. The other defendants had attached
the premises, as the property of the mortgagor.

The question, whether the plaintiff, upon the facts found

in the case, was entitled to the relief he sought, was reserved for the consideration and advice of this court.

*E. Perkins,* for the plaintiffs, contended, 1. That every fact which, in any case, entitles a mortgagee to a decree of foreclosure, is found by the committee ; a debt still due and unpaid, and a mortgage, executed, in all respects, according to law, to secure its payment. Payment of the debt is not to be presumed, from lapse of time. No such presumption arises, short of twenty years. *Oswald* v. *Leigh,* 1 Term R., 270. *Boardman* v. *DeForest,* 5 Conn. R., 1. *Daggett* v. *Tallman,* 8 Conn. R.,168.

2. That the plaintiff's right to a decree is not affected by the statute of limitations. A debtor, to avail himself of the benefit of that statute, either at law or in equity, must plead it, and thus give the plaintiff an opportunity to show that he is within the savings of the statute. *Robbins* v. *Harvey,* 5 Conn. R., 335. 1 Sw. Dig., 714. *Bulkley* v. *Bulkley,* 2 Day, 363.

3. The fact, that the debt is barred at law, by the statute of limitations, is no defence to a bill for a foreclosure, or action of ejectment. *Belknap* v. *Gleason,* 11 Conn. R., 160. *Higgins* v. *Scott,* 2 Barn. & Adol., 413. And, so long as the debt is not barred by the statute, or is removed from its operation, by an acknowledgment or payment of interest, the remedy of foreclosure or ejectment is good, even against the limitation, as to entry upon lands.

4. The statute of limitation can not be pleaded, in bar of the mortgagee's remedy, by action of ejectment, or bill of foreclosure, until fifteen years after the debt is in fact satisfied, or, from the lapse of time, (twenty years,) is presumed to be satisfied. All the authorities concur in the opinion, that the possession of the mortgagor, during the existence of the debt, is not adverse to the mortgagee, but that it is constructively the possession of the mortgagor.

*Gould* v. *Merriman,* 6 Mass. R., 239. *Perkins* v. *Pitts,* 11 Mass. R., 125. *Jackson* v. *Laughend,* 2 John. R., 75. *Higginson* v. *Mein,* 4 Cran., 415. 2 Sw. Dig., 106.

*Foster* and *Wait,* for the defendants, contended, 1. That both the debt, and the right to foreclose the equity of redemption, in the land, are barred by the statute of limitations. The statute began to run, when the note and deed were executed, and had run over nineteen years, when the suit was brought. Fifteen years in this state, where there are no statute disabilities, will bar an equity of redemption. *Skinner* v. *Smith,* 1 Day, 124. *Lockwood* v. *Lockwood,* 1 Day, 295. The same, and even stronger reasons exist, why the statute is a bar to a bill to foreclose ; for the mortgagor rather than the mortgagee, is the favorite in a court of equity. *Belknap* v. *Gleason,* 11 Conn. R., 164. Sto. Eq. Plead., § 757.

2., That there was no necessity, that the defendant should plead the statute, in order to take advantage of it. If the facts, found true by the report, had appeared on the face of the bill, it would have been bad on demurrer. Sto. Eq. Plead., § 484, 503, and note.

The only reason for requiring the statute to be pleaded, is, that the plaintiff may not be taken by surprise, or that he may have opportunity to reply over matter in avoidance of the statute. The fact being found of record, we are entitled to the benefit of it.

WAITE, J. The mortgagee, in the present case, and those who claim under him, have suffered the mortgagor to remain in the undisturbed possession of the mortgaged premises, for a period of more than fifteen years, without requiring payment of any portion of the debt, or the performance of any act, recognizing the continued existence of the mortgage. And the question now is, whether, after the lapse of that time, the plaintiff, as the legal representative of the mortgagee, is entitled to a decree of foreclosure.

That lapse of time will·bar a suit in equity, even where no statute of limitations directly governs the case, is now a well established rule in courts of chancery. *Hughes* v. *Edwards,* 9 Wheat., 481. *Elmendorf* v. *Taylor,* 10 Wheat., 168. *Pratt* v. *Vattier,* 9 Peters, 405. *Miller* v. *McIntyre,* 6 Peters, 405. *Beckford* v. *Wade,* 17 Ves., 87. .

The only inquiry, therefore, is, what length of time, under our laws, is required, to bar a suit for the foreclosure of mortgaged premises?

It is said by Judge Story, in his commentaries upon equity jurisprudence, that, "if a legal title would, in ejectment, be barred by twenty years adverse possession, courts of equity will act upon the like limitation, and apply it to all cases of relief, sought upon equitable titles, or claims, touching real estate." Sto. Eq., § 1520.

Hence, in those states, where the right of entry upon lands is, by statute, limited to a period of twenty years, a mortgagor, who has suffered the mortgagee to remain in possession of the mortgaged premises, during that period, can not afterward sustain a bill to redeem, without showing such circumstances, as will relieve his case from the operation of the general rule. 2 Sto. Eq., § 1028.

As, in this state, the right of entry upon lands is limited to a period of fifteen years, our courts, proceeding upon the same principle, have repeatedly holden, that the mortgagor, under such circumstances, must bring his bill to redeem, within fifteen years, and is not allowed twenty years for that purpose. ·And they have said, that "it may be adopted, as a rule, that, the mortgagee being in possession, a mortgagor shall not have *more* than fifteen years, to redeem, after his equitable right has accrued, unless the delay shall be accounted for by statute disabilities, or other special circumstances, that may be considered equivalent." *Skinner* v. *Smith,* 1 Day, 127. *Lockwood* v. *Lockwood,* 1 Day, 295. *Jarvis* v. *Woodward, ante,* p. 548.

In addition to the provision in relation to entry upon

lands, our statute concerning the limitation of civil actions, further provides, that " no action shall be brought on any promissory note, not negotiable, but within seventeen years next after an action on the same shall accrue. Stat. 1849, title 31, sec. 1 & 2.

As the note, in the present case, was payable on demand, and more than seventeen years had elapsed after the execution, and before the commencement of the present suit, no action could then be sustained upon it, provided the maker thought proper to avail himself of the provisions of the statute of limitations.

But, although the plaintiff's remedy upon the note is gone, it does not necessarily follow, that his right to resort to the pledge is lost. And, it has accordingly been holden, that, notwithstanding an action for the recovery of the debt is barred, the mortgagee may afterward sustain a bill to foreclose the equity of redemption. *Belknap* v. *Gleason*, 11 Conn. R., 160.

But this right is not an unlimited one. Lapse of time will operate as a bar of such a suit, as well as one to redeem, or any other suit in equity. The only difficulty, as before remarked, is, in determining what length of time is requisite for such purpose.

As our courts have adopted a rule, that fifteen years undisturbed possession, by a mortgagee, will generally operate as a bar to a bill to redeem, a similar rule, in our opinion, ought to be applied to bills to foreclose. And we know of no reason, why a period of twenty years should be adopted in the latter case, and not in the former.

We therefore think, that where a mortgagor, as in this case, has been permitted to remain in the undisturbed possession of the mortgaged premises, for a period of more than fifteen years, without the payment of any portion of the debt, or the performance of any act, recognizing the continued existence of the mortgage, and until after an action for the recovery of the debt had become barred by the statute

of limitations, the mortgagee ought not to be permitted to sue for a foreclosure.

The plaintiff further claims, that the defendant, in order to avail himself of the benefit of the statute of limitations, either in law or equity, must plead it, and thus give the plaintiff an opportunity to show, that he is within the saving of the statute.

Had the plaintiff brought an action of *assumpsit* on the note, there is no doubt but that the defendant must have pleaded the statute, in order to have availed himself of the benefit of its provisions.

But, that rule does not apply to suits in chancery. And it has accordingly been repeatedly holden, in modern cases, contrary to opinions formerly expressed, that an objection to a bill to redeem, on the ground of length of time, may be taken, by way of defence, under a demurrer, provided the bill be so framed as to present such a case, and that, if the plaintiff be within any exception to the statute, it is incumbent upon him so to state it in his bill. Sto. Eq. Plead., § 484. *Hardy* v. *Reeves*, 4 Ves., 479. *Bulkley* v. *Bulkley*, 2 Day, 363.

We see no reason, why the same principle does not apply to bills to foreclose, as to bills to redeem ; and why the same objection may not be made to the plaintiff's title, when the facts appear, without objection, upon the report, as if stated in the bill. It is enough, that the length of time relied upon appears in the case.

Our advice therefore is, that the plaintiff's bill be dismissed.

In this opinion, the other judges concurred.

Bill to be dismissed.