Jeffery v. Fitch.

———— • ◆ • ————

SAMUEL JEFFERY vs. THOMAS FITCH.

Where a judgment has been rendered against a party who in fact had no notice of the pendency of the suit, he has a remedy by statute in the bringing of a petition for a new trial and at common law by a writ of error *coram nobis*.
If the three years limited by law for the institution of these proceedings has passed, he may bring a bill in equity for relief.

But he is bound to seek the aid of a court of equity with no unreasonable delay, and whether he has been negligent in any particular case must depend upon the circumstances of the case.

Ordinarily if a party has full knowledge of the existence of the judgment against him, the court would apply the same limitation to his case in equity as would be applied at law.

But where a party had no knowledge whatever of the existence of the judgment and was in no fault in the matter, a court of equity will entertain his case within a reasonable time after the matter comes to his knowledge.

The relief granted by a court of equity may be by opening the judgment and allowing a new trial at law, but it will ordinarily hear the case on its merits, and grant a perpetual injunction against the enforcement of the judgment at law, if a good defence is established against the entire claim upon which it is founded, or against the enforcement of a part of the judgment if the defence goes only to a part of the claim.

But it is necessary that such a petition should show the character of the claim upon which the judgment is based, as well as the character of the defence, that the court may see that there was a good defence that might have been made.

BILL IN EQUITY to set aside a judgment at law and for other relief; brought to the Superior Court in New London County. The respondent demurred to the bill, and the questions arising on the demurrer were reserved for the advice of this court. The case is sufficiently stated in the opinion.

*W. C. Crump* and *S. Lucas*, in support of the demurrer.

*A. C. Lippitt* and *T. M. Waller*, contra.

PARK, C. J. This is a bill in equity to set aside a judgment at law, and open the case to allow the petitioner to make defense to it, and for an injunction against the sale of certain real estate obtained by the respondent by means of the levy of an execution upon it issued upon the judgment, and for a reconveyance of the property to the petitioner.

The petition, which was brought in April, 1878, alleges that the respondent recovered the judgment in question against the petitioner seventeen years before—in January, 1861, in the Superior Court in New London County; that the petitioner had no notice or knowledge whatever of the bringing of the action at the time it was brought or of its pendency, nor of the fact that the judgment had been taken until a short time before the present petition was brought; that judgment

was taken by default for the sum of $2,500 damages and $19.41 costs of suit; that during all the time from the date of the judgment to that of the petition the petitioner has had visible property in the city of New London, real and personal, of which the respondent had knowledge, to an amount greater than that of the judgment, and which could have been easily levied upon for the judgment; that the petitioner has lived during all that time in the city of New London, a near neighbor to the respondent, and has met him almost daily and had frequent business transactions with him, involving the payment of money to him by the respondent, and that the respondent has frequently applied to him for the loan of money; that the respondent has during a large part of the time had urgent occasion for the use of money, and has borrowed large amounts, and at high rates of interest, and has mortgaged his entire real estate to secure such loans; and yet that the respondent during the whole seventeen years has never spoken of the judgment debt in question to the petitioner; and that the petitioner had no knowledge whatever of the existence of such a judgment until a few days before the petition was brought, when demand was made upon him, and his real estate levied upon under an alias execution issued upon the judgment, and set off to the respondent in full satisfaction of the judgment and interest upon it. The petitioner further alleges that, as he is advised, he had at the time when the judgment was taken, and still has, a perfectly good and valid defense against the claim on which the judgment is founded. The respondent demurs to the petition.

In determining what are the equitable rights of the petitioner in this case it is not necessary for us to regard the judgment as fraudulently obtained, or to suppose that the process in the action at law was not served by the officer in good faith. We may treat it as a case where a party in good faith brings an action at law against another upon a claim honestly made, and in which notice failed to reach the defendant in the action of the bringing and pendency of the suit. Such failure of notice may have been owing to some mistake of the officer in leaving the copy intended for the defendant, or to some other casualty which prevented its reaching him.

Both the common law and our statutes recognize a casualty of this sort as very likely to happen, and as demanding a remedy. That furnished by statute is a petition for a new trial, addressed to the court that tried the case. Gen. Statutes, p. 447, sec. 1. That statute provides that the Superior Court, Court of Common Pleas, District Court, and any City Court "may grant new trials of causes that may come before them respectively for mispleading, the discovery of new evidence, want of actual notice of the suit to the defendant or of a reasonable opportunity to appear and defend, when a just defence in whole or in part existed, or for other reasonable cause, according to the usual rules in such cases." By another statute such a petition can not be brought after three years from the rendition of the judgment. The common law remedy is by a writ of error *coram nobis.* Judge Swift, (in his Digest, vol. 1, p. 790,) says: "When a judgment in the Superior Court is erroneous in matter of fact, a writ of error will lie in the same court, called a writ of error *coram nobis,* in which the judgment of the same court may be reversed." This proceeding is a part of the common-law practice of the court, and though not often resorted to, since the statute furnishes a sufficient remedy in a petition for a new trial, yet still exists as an available remedy in a case like the present. Such was clearly the view of Judge Swift, as the statute authorizing petitions for new trials had long been in existence when he wrote his Digest. Its existence as a common-law remedy is also recognized in many decisions of our sister states. *De Witt* v. *Post,* 11 Johns., 460 ; *Comstock* v. *VanSchoonhoven,* 3 Howard Pr. R., 259 ; *Day* v. *Hamburgh,* 1 Browne, 75; *Phillips* v. *Russell,* 1 Hempst., 62. But this writ of error, like a petition for a new trial, must be brought within three years from the rendition of the judgment.

It is now too late for the petitioner to avail himself of either of these remedies. Is he therefore without remedy ? It is very clear upon the facts alleged and admitted by the demurrer that great injustice may have been done him. He has failed to have that opportunity which the law intends carefully to secure to every defendant in court, to make a

defense against the claim upon which he has been sued; an opportunity which the law regards as essential to the administration of justice. He clearly has a remedy, and that remedy is in a court of equity. It is in a large measure for precisely such cases that courts of equity exist.

But what is the limitation of such a petitioner's rights in a court of equity? He is barred of his remedy at law in three years. When is he barred of his remedy in equity? Clearly he is bound to seek the aid of a court of equity with no unreasonable delay, and whether he has been negligent in any particular case will depend upon the facts and circumstances of the case. Courts of equity apply a rule of limitation in analogy to the statute of limitations, and ordinarily the period that would bar a remedy at law will bar a remedy in equity. Thus, if the petitioner in this case had had full knowledge of the existence of the judgment from the day it was rendered, we should consider him as barred of all remedy in equity when he had by his neglect of his legal rights become barred at law. Equity does not encourage parties to procrastinate in such cases. But where a party, as here, had no knowledge of any necessity for his moving in the matter, his neglect to move is not imputable to him as negligence. Here the petitioner had no suspicion of the existence of the judgment against him for seventeen years after it was rendered, and down to within a few days before the petition was brought; while the conduct of the respondent during all that period was such as to prevent any such suspicion. The petitioner clearly has been guilty of no such negligence as should bar or in any way prejudice his remedy in equity.

But while the case in its general character is one that entitles the petitioner to relief, it is very clear that the petition as it stands is insufficient. It by no means follows as a matter of course that an injunction is to issue against the enforcement of a judgment, or that the judgment is to be set aside and the petitioner to have a new opportunity to make his defense, merely because he, without fault, lost his opportunity to make defense in the first instance. It must be alleged and shown that injustice was done by the judgment.

Enough must be alleged to enable the court of equity to see not only what the cause of action was, upon which the judgment was rendered, but what the defense is that the petitioner proposes to set up, that the court may see that it is, if established, a sufficient defense. Here the petitioner does not even allege that he has a valid defense. He says merely "that he had and has a perfectly good and valid defense, *as he is advised.*" He does not allege that he believes that he has such defense, but only that he is advised that he has. Who advised him? Was it a sound lawyer, whose opinion would have weight, or was it some friendly neighbor? Clearly the court cannot accept such an allegation as an averment that the petitioner has, in fact, a good defense. But even that would not be sufficient without such a statement of the character of the defense as would enable the court to see that it is applicable to the case, and, if established by proof or admitted by demurrer, that it is sufficient. While the court may have a right merely to open the judgment and send the parties back to the court of law to try the case over again, thus granting a new trial, yet its ordinary course would be to hear the case and decide it, decreeing a perpetual injunction against the enforcement of the judgment if the defense should be fully sustained, or an injunction against its enforcement for but a part if the defense went only to a part of the claim upon which the judgment was rendered. To enable the court thus to deal with the case, it is clear that the petition should show what the claim sued upon was, and what the defense now claimed is, as the proof before it on the hearing must be of matters alleged in the petition. The necessities of the case as to proof will show in every case what is required as to allegations.

As the petition now stands the demurrer must be sustained.

In this opinion the other judges concurred.