Sylvester W. Skinner vs. Hattie I. Hale.

First Judicial District, Hartford, October Term, 1903.
Torrance, C. J., Baldwin, Hamersley, Hall and Prentice, Js.

Where a husband or wife becomes the assignee and owner of a mortgage made by the other, this does not of itself extinguish the mortgage, or merge it in the legal estate either of them may have in the mortgaged premises.

Whether under our statutes enlarging the capacity of married women to sue and be sued, a husband who acquires such a mortgage by assignment can, during coverture, enforce his rights as mortgagee against his wife, *quære*.

Owing to the legal nature of the union between husband and wife, it has been generally considered that in a case of a mere joint occupancy with her husband a wife could not hold adversely to him.

To bar a mortgagee's right to foreclosure upon the ground of adverse possession, the mortgagor must have either disclaimed to hold under or subject to the mortgage and have asserted title in himself alone, or the character of his possession must have been such as to operate as a notice of a disclaimer of the mortgagee's title and assertion of his own.

The facts in the present case reviewed and *held* not to show any possession by the wife (the mortgagor) which was hostile or adverse to the rights of the husband as assignee of the mortgagee.

Argued October 14th—decided December 18th, 1903.

Action to foreclose a mortgage of real estate, brought to the Superior Court in Hartford County where a demurrer to the complaint was overruled (*Roraback, J.*) and the cause was afterwards tried to the court, *Shumway, J.;* facts found and judgment rendered for the plaintiff, and appeal by the defendant. *No error.*

*Herbert O. Bowers*, for the appellant (defendant).

*J. Gilbert Calhoun*, for the appellee (plaintiff).

Torrance, C. J. The plaintiff, Sylvester W. Skinner, was the husband of Lizzie M. Skinner deceased, and the defendant, Hattie I. Hale, is the daughter and sole heir at

law of said deceased. The complaint alleged that the plaintiff was the owner of the mortgage sought to be foreclosed and of the note secured thereby, and the court has found that this was true.

The answer consisted of two defenses. In the first, certain paragraphs of the complaint were admitted and others were denied, and those denied were found to be true. The second defense was this: "The cause of action set forth in the plaintiff's complaint did not arise within fifteen years next before the commencement of this action." Upon the facts found the court held that the action was not barred, and whether it erred in so holding is the principal question upon this appeal. The facts found relating to this question are in substance the following: The plaintiff and his wife were married in this State in 1861, and thereafter lived together continuously here until the death of the wife in 1900. In November, 1873, the wife was the sole owner of the land sought to be foreclosed, and on the third day of that month she and the plaintiff gave to Newton P. Skinner their joint and several promissory note for $1,700, payable to him on demand with interest, and secured said note by a mortgage deed of said land of the wife. Said note and mortgage were made and executed by the plaintiff and his wife jointly, but the plaintiff joined in their execution at the request of the wife and for her accommodation. The money loaned upon said note and mortgage was used by the wife for the benefit of her separate estate. Between the date of said note and mortgage and the time of their transfer to the husband, as hereinafter stated, the interest on said note was regularly paid, and two payments of $200 each had been made upon the principal. In January, 1887, Newton P. Skinner, for a valuable consideration moving from the plaintiff, sold and conveyed to him the said note and mortgage, and the plaintiff is now the actual and *bona fide* owner of the same. In September, 1900, Lizzie M. Skinner, the wife of the plaintiff, died intestate, leaving the defendant as her only heir at law, and the estate of the decedent was fully settled in the Court

of Probate prior to the commencement of the present suit. From the time when the plaintiff became the owner of said note and mortgage, in January, 1887, down to the commencement of this action in July, 1902, no steps were taken by him to collect the note, nor to enforce his rights under said mortgage. In January, 1887, the plaintiff and his wife were living in a house upon the land covered by the mortgage, which was and continued to be their home until the death of the wife.

Upon the facts found, it is clear that, as between the plaintiff and his wife, the loan secured by the mortgage was made to her and not to him, and that, as between them, it was her duty to pay the loan. Whether the land mortgaged was "the sole and separate" estate of the wife is not found, though it is found that she was " the sole owner." Whether the plaintiff had, as husband, any estate in the land mortgaged, is not perhaps clear from the finding, nor is the fact that he had or had not any such estate important in this case. It is clear that the plaintiff, in 1887, became, by assignment upon valuable consideration, the owner of the note and mortgage, and is still the *bona fide* owner and holder thereof; and it is also clear that at the time of the assignment the mortgage did not become merged in any legal estate which the plaintiff had or may have had in the land mortgaged ; nor in the legal estate of the wife in said land, for the mortgage was not bought by nor for her; nor has any such merger taken place since. In cases of this kind "courts of equity will always keep the estates separate and uphold the mortgage, when it is required by the justice of the case or the intent of the parties." *Goodwin* v. *Keney*, 47 Conn. 486, 493 ; *Hart* v. *Chase*, 46 id. 207 ; *Ensign* v. *Batterson*, 68 id. 298, 304. The further rule, also, that where one spouse becomes by assignment the owner of a mortgage made by the other this does not of itself extinguish the mortgage, seems to be now well settled. *Cormerais* v. *Wesselhoeft*, 114 Mass. 550; *Fowle* v. *Torrey*, 135 id. 87, 94; 20 Am. & Eng. Ency. of Law, 1068, and cases cited therein. Indeed, no claim of merger or of

extinguishment is now made by the defendant, though it was made in the demurrer that was overruled.

Under these circumstances, by the assignment, the husband became in effect the mortgagee of the land, with all the rights of the assignor to enforce payment of the mortgage debt, except so far as those rights were modified by the fact that the mortgagor was his wife. The defendant admits that if the plaintiff, during, and because of, coverture, could not enforce his rights as mortgagee, his right to foreclose the defendant is not barred by lapse of time; but she earnestly contends that under our statutes enlarging the capacity of married women to sue and be sued, the right of the plaintiff to sue his wife upon the note, and to foreclose the mortgage, was not suspended during coverture.

Whether or not the law upon this point is as the defendant contends, it is not necessary to decide in this case; for even if we assume it to be so, we do not think the facts found show any such adverse possession on the part of the wife as would support the second defense in this case. For the purposes of the argument, then, it will be assumed that the right of the husband to foreclose the wife was not suspended during coverture.

The defendant also claims that a wife living with her husband, in the joint possession of land, can as matter of law hold adversely to him. It has been held by this court that a married woman occupying land with her husband, where he makes no claim to such land, may hold adversely to a third person, and thereby acquire a title by such possession as against such third person; *Clark* v. *Gilbert*, 39 Conn. 94; but whether in case of a mere joint occupancy with her husband, a wife can hold adversely to him, is a different question. Owing to the legal nature of the union between husband and wife it has generally been held that she could not. 1 Amer. & Eng. Ency. of Law, 820, and cases there cited. It has also been said of such a case that "two contemporaneous possessions of the same property, each adverse to the other, is a legal absurdity not conceivable." *Gafford* v. *Strauss*, 89 Ala. 283, 286. It is unnecessary to decide

this question in this case, for, assuming that a wife can, as matter of law, hold adversely to her husband in a case like the present, the important question is whether the plaintiff's wife did in fact do so. In discussing that question it will be assumed that, as matter of law, a wife can hold adversely to her husband.

Though there is no statute of limitations applicable to actions of foreclosure or redemption, courts of equity have adopted rules of limitation in such cases, and ordinarily the period that would bar a remedy at law upon the deed or note will be held to bar a remedy in equity. *Jeffery* v. *Fitch*, 46 Conn. 601, 605. It is well settled that the right to foreclose, or to redeem, a mortgage, may be lost by the lapse of a period of fifteen years. *Haskell* v. *Bailey*, 22 Conn. 569; *Jarvis* v. *Woodruff*, ibid. 548; *Hough* v. *Bailey*, 32 id. 288; *Hanford* v. *Fitch*, 41 id. 486. If, for instance, the mortgagee, after the right to foreclose accrues, suffers the mortgagor to remain in the exclusive possession of the land for fifteen years or more, without any act by the mortgagor recognizing the continued existence of the mortgage, the right to foreclose will ordinarily be barred. *Haskell* v. *Bailey*, 22 Conn. 569. The rule of limitation is applied in such a case upon the theory that such an occupancy is adverse to the mortgagee, and in denial of his rights. If, with knowledge of such an occupancy, he chooses to sleep upon his rights for fifteen years, a court of equity will not aid him to enforce them. Where, however, the occupancy of the mortgagor is either expressly or impliedly in subordination to the rights of the mortgagee, and not in denial of them, such occupancy, however long continued, will be no bar to an action of foreclosure. If the occupancy of the mortgagor is with the consent and agreement of the mortgagee, or the mortgagor by any conduct or act expressly or impliedly recognizes the continued existence of the mortgage, the possession is not hostile nor adverse to the mortgagee. 2 Swift's Dig. pp. 188, 189; *Hough* v. *Bailey*, 32 Conn. 288; *Moore* v. *Clark*, 40 N. J. Eq. 152, 153. In short, to bar the right to foreclose, the possession of the mortgagor must be hostile and adverse

to the mortgagee; and it is never this until the mortgagor either disclaims holding under or subject to the mortgage and asserts title in himself alone, or the character of his possession is such as of itself gives notice that he repudiates the title of the mortgagee and asserts title in himself. *Holmes* v. *Turner's Falls Co.*, 150 Mass. 535.

Applying these principles to the case at bar, we think the facts found fail to show that the wife held or claimed to hold the mortgaged premises adversely to the rights of her husband as mortgagee. Until she denied his rights by her words or her conduct, he had no occasion to enforce them, nor any reason to suppose he would lose them by failing to do so for fifteen years. *Huntington* v. *Whaley*, 29 Conn. 391, 397. The fact that she paid no interest nor any part of the principal, nor was ever called upon to do so, is fully explained and accounted for by the facts found. The mortgagee was her husband and the land mortgaged was the home where she lived with him. He held the legal title to the land and she the equity of redemption. Both were in possession of the premises and in the enjoyment of the rents and profits thereof equally, each with the consent of the other. Neither appeared to have, nor claimed to have, any exclusive possession. Under these circumstances it cannot be said that either held, or intended to hold, adversely to the other, or that either denied or repudiated the rights of the other. Upon the facts found we think the plaintiff's right to bring an action of foreclosure was not barred.

The defendant demurred to the complaint on the ground that upon its face it appeared that the cause of action was barred and the court overruled the demurrer. Assuming, without deciding, that advantage of the statutes of limitation can be taken in this way, we think the complaint did not show that the cause of action was barred. Besides, in view of the facts found relating to this matter, the ruling upon the demurrer, even if erroneous, was harmless.

There is no error.

In this opinion the other judges concurred.