WILLIAM A. ARNOLD, ADMINISTRATOR, D.B.N. (ESTATE OF JOSIAH J. HOLLISTER) [FRANK A. FRANCIS, ADMINISTRATOR, D.B.N., SUBSTITUTED PLAINTIFF] ET AL. *v.* BENJAMIN HOLLISTER ET AL.

MALTBIE, C. J., BROWN, JENNINGS, ELLS and DICKENSON, Js.

Argued March 14—decided May 5, 1944.

*Robert J. Pigeon,* for the appellant (plaintiff).

*Henry H. Hunt,* for the appellees (defendants).

ELLS, J.   In 1911 Norman E. Hollister executed a promissory note in the sum of $1640 payable to Isaac N. Hollister on demand with interest at 6 per cent per annum, and as security executed a mortgage on real estate in Glastonbury.   Isaac died testate on January 12, 1917, devising to Norman and the latter's wife,

Charlotte, a life use in the note and mortgage with remainder, after the death of the survivor, to their three sons, Josiah, Benjamin and William. On January 9, 1918, Norman conveyed the mortgaged premises to Josiah and Benjamin, who immediately went into possession thereof and were liable for the payment of the interest on the note to Norman and Charlotte. Norman died in 1923; Josiah died two days later; and in 1924 Josiah's one-half interest in the mortgaged premises was distributed to Charlotte. She died in 1932. From 1918 to date, with the exception hereinafter noted, Benjamin has been in possession of the mortgaged premises. From 1918 to 1924 Josiah or his legal representative was liable for the payment of one-half of the interest on the note to Charlotte; from 1924 to the date of her decease in 1932 Charlotte was the owner of a one-half interest in the real estate and her liability for the payment of interest on the note merged with that title. Charlotte's estate has owned a one-half interest in the premises since her death, without possession or occupancy.

On March 27, 1934, following Charlotte's death, the note and mortgage were duly assigned to the three remaindermen, Benjamin, the administrator of Josiah's estate and William. No payments of principal or interest have been made since the date of the note and mortgage.

By writ dated July 7, 1934, this action to foreclose the mortgage was brought by Benjamin and the administrator of Josiah's estate. William was requested to join as a party plaintiff, but he did not do so. The two plaintiffs named themselves also as defendants, and made William a defendant. Many other persons claiming an interest in the premises were named as defendants. Various pleadings were filed, and on March 29, 1943, Benjamin and the administrator of

the estate of Josiah, acting as defendants, joined with other defendants, including William, in filing an answer which included a special defense that the right of action did not accrue within seventeen years next before the commencement of the action. On May 25, 1943, William filed a motion reciting that "William N. Hollister, being the owner of a one-third interest, in a mortgage, and failing to join as a party plaintiff in the foreclosure of said mortgage, having been made a party defendant, and whereas it appears that said William N. Hollister is rightly a party Plaintiff" requested the court to "add" him as a party plaintiff and drop him as a defendant. This was done. Thereupon the parties filed an agreed statement of facts signed by William as plaintiff and by Benjamin, Josiah's administrator and various other parties as defendants. Shortly thereafter the various defendants, including Benjamin and Josiah's administrator, filed a "special defense by way of counterclaim for statutory and equitable relief," alleging an undischarged mortgage and that the mortgagor and his successors in title had been in undisturbed possession for seventeen years, and seeking a judgment declaring the mortgage invalid as a lien against the real estate. "The plaintiff William N. Hollister" filed a reply denying these allegations, and shortly thereafter the case was tried on the agreed statement of facts. Benjamin and Josiah's administrator had not, however, been dropped as plaintiffs. The court concluded that the note in suit was barred by the Statute of Limitations and by laches on William's part, and rendered judgment on the complaint, not the counterclaim, for the defendants. The appeal to this court was taken by William alone.

In effect, the action as tried was an attempt by William to foreclose a mortgage in which he claimed to own an undivided one-third interest. He had an

interest in the mortgage, and was entitled to bring an action to foreclose it. *Hill* v. *Meeker,* 23 Conn. 592, 594. A joint mortgagee cannot be divested of his right of foreclosure of the equity of redemption by any action of his comortgagee. *Sanford* v. *Bulkley,* 30 Conn. 344, 349. All the parties interested in the mortgage must be brought before the court as plaintiffs or defendants. All comortgagees must be made parties. Those who do not consent to become coplaintiffs must be made defendants. 1 Wiltsie, Mortgage Foreclosure (5th Ed.), § 318. We are satisfied that in form the present proceeding is a proper one.

This is an equitable proceeding to foreclose a mortgage, and the Statute of Limitations does not apply ex proprio vigore; it is recognized in this type of case only by analogy. *Skinner* v. *Hale,* 76 Conn. 223, 227, 56 Atl. 524, and cases cited. Equity ordinarily will refuse a remedy when the statute applying to similar actions at law has run. *Nichols* v. *Nichols,* 79 Conn. 644, 657, 66 Atl. 161. But just as it may give a remedy after the statute has run, so it may dismiss an action for laches within the statute's period. *Richards* v. *Mackall,* 124 U. S. 183, 188, 8 Sup. Ct. 437.

The record indicates that the court and counsel for the defendants relied on General Statutes, § 5038, entitled "Discharge of Mortgages after Seventeen Years," as the Statute of Limitations which governed the question at issue. This section is not a Statute of Limitations. Such a statute sets up a definite bar to the maintenance of an action, while this section authorizes an action in which affirmative relief may be granted if and only if the conditions specified in it are met. It does not declare that a mortgage upon which no payment has been made for a period of seventeen years or which has not been recognized as a valid mortgage within that period is unenforceable, but it gives the

court the right to declare it invalid; and whether or not that relief would be granted would depend on relevant circumstances, such, for example, as those involved in *Skinner* v. *Hale,* supra, to the facts in which we shall later refer.

It is probable that the purpose of the two original plaintiffs, Benjamin and the administrator of Josiah's estate, was to remove the mortgage lien on the property. They brought an action of foreclosure, however, and the judgment is on that complaint, and not on their counterclaim based on § 5038. The cases referred to in *Skinner* v. *Hale,* supra, definitely establish that the Statute of Limitations which will ordinarily be followed in foreclosure actions is § 6004, which provides, "No person shall make any entry into any lands or tenements but within fifteen years next after his right or title to the same shall first descend or accrue; . . . provided the limitation herein prescribed shall not begin to run against the right of entry of any owner of a remainder or reversionary interest in real estate, which is in the adverse possession of another, until the expiration of the particular estate preceding such remainder or reversionary estate." As has already been pointed out, this being an equitable action the statute is recognized only by analogy. In the early case of *Skinner* v. *Smith,* 1 Day 124, 127, quoted in *Haskell* v. *Bailey,* 22 Conn. 569, 572, it was said in effect that the mortgagor—and the same rule, of course, applies to the mortgagee—shall not have more than fifteen years to seek his remedy "unless the delay shall be accounted for, by statute disabilities, or other special circumstances that may be considered equivalent." Apart from the statute, *Skinner* v. *Hale,* supra, is in point for a considerable portion of the time now under consideration. In that decision, where the wife held the mortgage on the property of the husband and they

jointly occupied the premises, the time of that joint occupancy was held not to run as regards delay in bringing the action. So here, where it appears that William did not have any right or title in the mortgage which would entitle him to demand or enforce an interest payment until the surviving life tenant died, the period prior to that death would not be counted against him as laches in bringing the foreclosure action. Furthermore, he could not be divested of his right of foreclosure by the action of his comortgagees. *Sanford* v. *Bulkley*, supra. The court was in error in deciding that "laches on William's part set at rest the obligation."

Subsequent to the execution of the mortgage several transactions took place involving the premises and interests in them, and the parties thereto were made defendants in the action. The issues involved will have to be decided upon a new trial, as will also the respective rights of the comortgagees.

There is error, the judgment is set aside and a new trial is ordered.

In this opinion the other judges concurred.