ROBERT G. TEN EYCK, ADMINISTRATOR, ET AL. v.
REGINALD W. TEN EYCK ET AL.

SUPERIOR COURT    NEW LONDON COUNTY    FILE No. 17562

Memorandum filed January 20, 1949

*Schatz* and *Weinstein,* of Hartford, for the Plaintiffs.

*William C. Fox, Jr.,* and *John J. McGarry,* of New London, for the Defendants.

DALY, J. The plaintiff, individually and as administrator, has demurred to the special defense, claiming that in this action equitable remedies are sought and that consequently the statutes of limitation do not apply.

In *Arnold* v. *Hollister,* 131 Conn. 34, at page 38, the court said: "This is an equitable proceeding to foreclose a mortgage, and the Statute of Limitations does not apply ex proprio vigore [by its own force]; it is recognized in this type of case only by analogy. *Skinner* v. *Hale,* 76 Conn. 223, 227, 56 Atl. 524, and cases cited. Equity ordinarily will refuse a remedy when the statute applying to similar actions at law has run. *Nichols* v. *Nichols,* 79 Conn. 644, 657, 66 Atl. 161. But just as it may give a remedy after the statute has run, so it may dismiss an action for laches within the statute's period *Richards* v. *Mackall,* 124 U. S. 183, 188, 8 Sup. Ct. 437."

In *Nichols* v. *Nichols,* 79 Conn. 644, at page 657, it is said: "While the statutes of limitation referred to do not in terms extend to suits in equity, it is true that equitable remedies must be sought without unreasonable delay, and that in analogy to such statutes courts of equity ordinarily apply rules of limitation which will bar remedies in equity that are barred at law."

The question in an equitable proceeding, strictly speaking, might be said to be whether or not laches can be found from the evidence. If in such a proceeding it appears that the persons seeking relief, or those represented by them, have been guilty of

laches for a period of time equal to the time stated in the applicable Statute of Limitations, then the court will refuse to grant the relief sought. Consequently, if the defendants plead over and set up such a defense, it would appear that it might be a good defense in this equitable proceeding although, in substance, it would amount to substantially the same defense as that alleged and demurred to. This distinction is only a technical one and the effect of it may only be theoretical.

The demurrer is sustained because, as is alleged therein, this is an action in which equitable remedies are sought, and the statutes of limitation have been alleged as positive legal defenses. A court of equity, in determining whether or not there has been laches, by analogy will refer to the time stated in the statutes of limitation.

The demurrer is sustained.