[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ON DEFENDANT'S MOTION FOR SUMMARY JUDGMENT
The defendant moves for summary judgment on plaintiff's action for a new trial under Conn. Gen. Stats. § 52-270, with an additional count based on general equitable principles.
To fully summarize the facts would require more pages than this decision will occupy in toto, but, in summary fashion, suffice it to say that what began as a fairly straightforward workers' compensation carrier claim for reimbursement of compensation paid has evolved into a Gordian knot. CT Page 11127-I
Hartford Hospital instituted an action in 1986, just prior to the expiration of the two-year statute of limitations regarding the claim of the Hartford Hospital employee who had received workers' compensation and who had presumably been injured in an auto accident. Shortly thereafter, the employee (De Almedia) instituted his own action, also within the two-year statute of limitations[.] Thus in May of 1986 Hartford Hospital had a pending suit in New Britain and the employee had a separate suit pending in Hartford. In March of 1987 the cases were consolidated in Hartford. In June of 1987 the employee's case was nonsuited, and in December of 1987, the hospital's case was dismissed for dormancy. Within the four-month period of time for the hospital to move to reopen the judgment of dismissal, the hospital moved instead to intervene as a plaintiff in the employee's action. In spite of the fact that the employee's case had been nonsuited more than four months prior to the hospital's motion for intervention, that motion was granted by the Superior Court and the hospital not only declined to move to reopen its case, but filed a withdrawal of action (somewhat akin to withdrawing a question after the objection to it has been sustained!)
Eventually the Superior Court, Maloney, J., granted defendant Alosio's motion to strike the intervening complaint of Hartford Hospital in May of 1990. In May of 1991 plaintiff instituted the instant complaint. Defendant bases the motion for summary judgment on the three-year statute of limitations contained in Conn. Gen. Stats. § 52-270. Plaintiff cites the case of Geffrey v. Fitch,46 Conn. 601 (1879.), for the proposition that the equitable action for a new trial is subject only to the limitation of laches.
The court is of the opinion that Geffrey v. Fitch is still good law, and that, the court is not obligated, as a matter of law, to deny plaintiff's petition for a new trial because it was commenced more than three years after the judgment of dismissal of the case.
It may well be that, after hearing, the court hearing the case will decline to exercise the broad equitable powers which it possesses, but defendant is not entitled to summary judgment as a matter of law. There are material CT Page 11127-J facts at issue which could result in a judgment for the plaintiff on its request for a new trial.
The Motion for Summary Judgment is denied.
Koletsky, J.