[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
This is a motion for summary judgment filed by the defendant, City of Torrington. The plaintiffs, Torringford Farms Association, Inc. and Torringford Farms II Association, Inc., are unit owners associations that own the roads in two common interest communities located in the City of Torrington. The plaintiffs allege that the developers of the communities failed to lay a proper, or any, top course of asphalt on the roads when they were constructed. The roads are now in poor condition and require the costly installation of a complete binder course in order to make them safe for winter use and emergency vehicles.
The defendant City of Torrington approved the subdivision applications for both Torringford Farms I and II wherein the roads are located. A condition of both approvals was that road bonds be posted within forty-five days. The developer failed to post road bonds for either project. The plaintiffs seek to hold the city responsible for the current situation, claiming that the city was responsible for "regulating and overseeing the proper construction of highways for residential neighborhoods. . . ." (Amended Complaint Dated 05/25/01 at 2.)
The court (Frazzini, J.), upon denying the defendant's motion to strike, determined that the plaintiffs set forth a claim against the city sounding in fraud and promissory estoppel. The plaintiffs assert that their claim is for promissory estoppel.
The defendant now moves for summary judgment on the grounds that: (1) the plaintiffs' claim is barred by the statute of limitations; (2) the plaintiffs cannot establish a claim for promissory estoppel; (3) the defendant does not owe a duty to the plaintiffs for its alleged failure to ensure that the developer posted a road bond; and (4) the defendant is immune from liability under the doctrine of governmental immunity.
 I.
Summary judgment must be granted if the pleadings, affidavits, and other documentary proof show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. Practice Book § 17-49; Appleton v. Board ofEducation, 254 Conn. 205, 209 (2000); Community Action for GreaterMiddlesex County, Inc. v. American Alliance Ins. Co., 254 Conn. 387, 397
(2000); Miles v. Foley, 253 Conn. 381, 385 (2000). The purpose of summary judgment is to eliminate the delay and expense accompanying a trial where CT Page 10999 there is no real issue to be tried. Wilson v. New Haven, 213 Conn. 277,279 (1989); Mac's Car City, Inc. v. American National Bank, 205 Conn. 255,261 (1987).
"In deciding a motion for summary judgment, the trial court must view the evidence in the light most favorable to the nonmoving party."Sherwood v. Danbury Hospital, 252 Conn. 193, 201 (2000). "The test is whether a party would be entitled to a directed verdict on the same facts. . . . Summary judgment in favor of the defendant is properly granted if the defendant in its motion raises at least one legally sufficient defense that would bar the plaintiff's claim and involves no triable issue of fact." (Citation omitted; internal quotation marks omitted.) Serrano v. Burns, 248 Conn. 419, 424 (1999).
 II.
The defendant first moves for summary judgment on the ground that the present action is barred by the statute of limitations. "Summary judgment may be granted where the claim is barred by the statute of limitations."Raynor v. Hickock Realty Corporation, 61 Conn. App. 234, 237 (2000).
The plaintiffs' claim, however, is an equitable claim to which the statute of limitations does not necessarily apply. "[[I]n an equitable proceeding, a court may provide a remedy even though the governing statute of limitations has expired, just as it has discretion to dismiss for laches an action initiated within the period of the statute. . . . Although courts in equitable proceedings often look by analogy to the statute of limitations to determine whether, in the interests of justice, a particular action should be heard, they are by no means obliged to adhere to those time limitations." (Citations omitted.) Dunhamv. Dunham, 204 Conn. 303, 326 (1987). The appropriate statute of limitations to be examined by analogy is the one that applies to the underlying legal cause of action. Giordano v. Giordano, 39 Conn. App. 183,215-16 (1995). "Equity ordinarily will refuse a remedy when the statute applying to similar actions at law has run." Ten Eyck v. Ten Eyck,16 Conn. Sup. 85 (1949), citing Nichols v. Nichols, 79 Conn. 644, 657
(1907).
"Where a party seeks equitable relief pursuant to a cause of action that would also allow that party to seek legal relief, concurrent legal and equitable jurisdiction exists, and the statute of limitations that would be applicable to bar the legal claim also applies to bar the equitable claim." Dowling v. Finley Associates, Inc., 49 Conn. App. 330,335 (1998), rev'd on other grounds, 248 Conn. 364 (1999) (plaintiffs sought equitable remedy of rescission but also sought legal remedies and brought action pursuant to statute). CT Page 11000
The plaintiffs assert that the court is not bound by any statute of limitations nor is there any applicable cause of action upon which the court could rely on in imposing such a limit. Citing Dunham, supra, the plaintiffs claim that there are unusual facts and circumstances in this case which should not limit the plaintiffs' equitable action.
A plaintiff "is bound to seek the aid of a court of equity with no unreasonable delay, and whether he has been negligent in any particular case will depend on the facts and circumstances of the case. Courts of equity apply a rule of limitation in analogy to the statute of limitations, and ordinarily the period that would bar a remedy at law would bar a remedy in equity . . . Equity does not encourage parties to procrastinate in such cases." Jeffrey v. Finch, 46 Conn. 601, 605 (1879).
The court can sympathize with the homeowners involved in this matter. They have paid taxes to the defendant and have a huge investment, their home, at risk. However, many of the unique circumstances in this case surround and involve a developer who is not a party to this action. It was not the city who inadequately paved the roads in question; allegedly, the developer did so. At this late stage, the city undoubtedly would be unable to proceed at law against the developer in any third party claim. The court must impose some limitation on an action in equity under these circumstances. Otherwise, it would be akin to requiring municipalities to become virtual lifetime guarantors of all construction within their city limits.
 III. 
The question for the court is which statute of limitations is analogous to the plaintiffs' claim. The plaintiffs' claim has been characterized as sounding in fraud; (see 09/21/00 Memorandum of Decision on Defendant's Motion to Strike) and the defendant urges the court to apply that applicable three year statute of limitations. See General Statutes §52-577; Krondes v. Norwalk Savings Society, 53 Conn. App. 102, 113
(1999).
The analogous legal cause of action in a promissory estoppel case is contract. See D'Ulisse-Cupo v. Board of Directors of Notre Dame HighSchool, 202 Conn. 206, 213 (1987). In an action under promissory estoppel, the usual remedies available in a contract action apply, some of which are legal in nature. "Under a promissory estoppel theory, a party may maintain a claim for damages based upon a promise which induces the party's action or forbearance, if such action or forbearance is undertaken in reasonable reliance upon the promise." Finley v. Aetna Life Casualty Co., 202 Conn. 190, 205 (1987), overruled on other grounds, CT Page 11001225 Conn. 782 (1993).
Here, the plaintiffs are seeking money damages. Since the plaintiffs' action is essentially a contract action wherein money damages are sought; accordingly, the court will impose the six-year statute of limitations applicable to contract actions, General Statutes §52-576.[1]
The issue, then, is when the plaintiffs' cause of action accrued. "While the statute of limitations normally begins to run immediately upon the accrual of the cause of action, some difficulty may arise in determining when the cause or right of action is considered as having accrued. The true test is to establish the time when the plaintiff first could have successfully maintained an action." Polizos v. NationwideMutual Ins. Co., 255 Conn. 601, 608-09 (2001).
"[I]n an action for breach of contract . . . the cause of action is complete at the time the breach of contract occurs, that is, when the injury has been inflicted. . . . [W]hile the application of [this] rule may result in occasional hardship, it is well established that ignorance of the fact that damage has been done does not prevent the running of the statute, except where there is something tantamount to a fraudulent concealment of a cause of action." (Citations omitted; internal quotation marks omitted.) Beckenstein v. Potter Carrier, Inc., 191 Conn. 150, 156
(1983), citing Kennedy v. Johns-Manville Sales Corporation, 135 Conn. 176,179-80 (1948).
The plaintiff has not contested in his memorandum in opposition to the motion for summary judgment the operative dates surrounding the developer's failure to post a road bond. The city approved the application for phase I of Torringford Farms on January 25, 1989 and for phase II of Torringford Farms on February 14, 1990. (Defendant's Motion for Summary Judgment dated 05/31/01, Exhibits A and D.) The approvals were conditioned upon the posting of a road bond within 45 days of approval. The approvals were included with the declarations and public offering statements for both communities that were recorded in the city land records. The plaintiffs' cause of action accrued when the city failed to ensure that the conditions of approval with regard to the bond requirement were met. Hence, at any time the city permitted the developer to violate the conditions of approval without taking corrective steps, including the recording of proper notations on the land records, the plaintiffs could have successfully maintained an action at law against the city.
The plaintiff submitted evidence showing that the city knew that there was no bond on April 8, 1992, (see Plaintiffs' Memorandum of Law in CT Page 11002 Opposition to Defendant's Motion for Summary Judgment of 05/31/01, Exhibit 26.), and arguably the city may have known of the problem even earlier. The plaintiffs' cause of action accrued on that date notwithstanding the city's later actions. (See, e.g., Plaintiffs' Memorandum of Law in Opposition to Defendant's Motion for Summary Judgment of 05/31/01, Exhibits 21, 22, 27.) The plaintiffs then had six years from April 8, 1992 to commence this action against the city. The present action was commenced by service of process upon the city clerk on November 15, 1999, more than seven years later. See General Statutes §§ 52-45a and52-57.
The plaintiffs alleged in their complaint that they knew that the road bond was not in existence on or before July 14, 1994. (Amended Complaint dated 05/25/01 at ¶ 21.) However, the defendant has produced evidence showing that plaintiff Torringford Farms II knew on or before the residents' meeting on September 20, 1992, that "the developer [did] not post a bond for final paving." (Defendant's Motion for Summary Judgment dated 05/31/01, Exhibit J.) The plaintiffs also produced evidence showing that plaintiff Torringford Farms Association knew on or before the executive board meeting in August of 1993 that no bond had been posted for the roads. (Plaintiffs' Memorandum of Law in Opposition to Defendant's Motion for Summary Judgment of 05/31/01, Exhibit 32.) Therefore, the plaintiffs knew for more than six years prior to filing their complaint that the developer did not post a road bond and yet, they apparently failed to seek redress against the developer, nor did they proceed against the City for mandamus, fraud, negligence or breach of contract.
Based on the foregoing analysis, it is unnecessary to address the other grounds upon which the defendant relies in its motion. The defendant's motion for summary judgment is granted based upon the plaintiff's failure to file this action within the time limits of the analogous statute of limitations.
Matasavage, J.