EBEN R. TARBELL & others, petitioners.

Middlesex.    December 4, 1893. — January 6, 1894.

Present: FIELD, C. J., ALLEN, HOLMES, KNOWLTON, & BARKER, JJ.

*Petition to bar Action on undischarged Mortgage — Statute — Decree.*

The provisions of St. 1882, c. 237, that "when the record title of real estate is encumbered by an undischarged mortgage," the mortgagor and those having his estate in the premises having been in uninterrupted possession for the time required, may bring a petition for a decree, to the end that no action shall be brought to enforce title under the mortgage, include a case where the mortgage is undischarged on the record of the proper registry of deeds, whether there is evidence sufficient to satisfy the court that the mortgage has been in fact discharged or not.

If no assignment of a recorded mortgage upon land held by A., who is dead, appears of record, and B., to whom the equity of redemption in the land had been conveyed, assuming to act as the assignee of the mortgage, forecloses the same, and afterwards conveys the land by warranty deed to C., who, after the expiration of twenty years from the time limited in the mortgage for the payment of the debt, during which he has remained in undisputed possession of the premises, and no act in recognition of the existence of the mortgage has been done, brings a petition, under St. 1882, c. 237, to bar an action upon the mortgage, he is entitled to a decree, if sufficient notice has been given.

PETITION, under St. 1882, c. 237, to bar an action upon an undischarged mortgage on certain premises in Newton, of which the petitioners alleged they were the owners in fee. Hearing in this court, before *Morton,* J., who found the following facts.

Robert Porter conveyed the premises described in the petition to one William Jackson, guardian of Maria L. Wiswall, by mortgage dated May 22, 1847, for $250, payable in three years from date. The mortgage was duly recorded, and was afterwards assigned by Jackson to one Charles Russell, trustee for Maria L. Wiswall, by deed dated October 5, 1847, and recorded. No assignment of the mortgage from Russell appears of record, or was shown, except inferentially, to have been made by him or his representatives. Subsequently to the assignment to Russell, namely, on July 31, 1850, one Joseph N. Bacon, to whom, on May 23, 1850, the owner of the equity of redemption quitclaimed his interest in the premises, made an open and peaceable entry

on the mortgaged premises as the assignee of the mortgage, for the purpose of foreclosing the same, and a certificate of such entry was duly made and recorded. The certificate stated that the entry was made by Bacon as assignee and owner of the mortgage. It appeared that possession was continued under such entry during the statutory period necessary to complete a foreclosure by Bacon and those claiming under him. Bacon conveyed the premises, with other land, by warranty deed, dated January 1, 1851, duly recorded, to one from whom the premises came by mesne conveyance to one Mary H. Jackson, from whom the petitioners took the same as heirs at law. Russell is dead, and it did not appear that any administrator of his estate was appointed, or that any of his heirs at law resided in this Commonwealth. No payment on account of the debt secured by the mortgage has been made, and no act in recognition of it as an existing mortgage has been done within twenty years, unless the conveyances which have been made of the premises constitute such recognition; and the petitioners and their predecessors in title have held undisputed possession of the premises for more than twenty years last past, and also for more than that time after the expiration of the period limited in the mortgage for the payment of the debt secured thereby. The notice of the pendency of the petition was duly given as required.

Being in doubt whether the case came within the provisions of the statute, and whether the petitioners were entitled to the decree which they asked, the judge reported the case for the consideration of the full court, such entry to be made as in its opinion the case required.

*A. Blume & J. Willard*, for the petitioners.

FIELD, C. J. This case has been argued only by the counsel for the petitioners, and we infer that no person has appeared to answer the petition, or to contest the right of the petitioners to the remedy they seek. So far as any objections to the petition have been suggested by counsel or occur to us, we think that they are not valid. We construe the words " when the record title of real estate is encumbered by an undischarged mortgage," etc., at the beginning of St. 1882, c. 237, as including all cases where the mortgage is undischarged on the record of the proper registry of deeds, whether there is evidence sufficient to satisfy the court

that the mortgage has been in fact discharged or not.   We think that one purpose of the statute was, by entering a decree and recording it in the proper registry of deeds, to perfect the record title by removing what, according to the record, might be construed as a cloud upon the title.   The petitioners are the owners of the equity of redemption, if the mortgage was never in fact assigned to Bacon ; if it was so assigned, then they are the owners of the fee.   There is no direct evidence that the mortgage was assigned to Bacon.   This is not a case in which the only title of the petitioners is under the mortgage against the enforcement of which they ask for a decree.   We are of opinion that the petitioners are entitled to the decree they ask if sufficient notice has been given.   The effect of such a decree upon the rights of persons to whom no notice had been given we cannot now determine.                                    *Decree accordingly.*