NORMAN Y. BRINTNALL *vs.* CHESTER H. GRAVES.

Suffolk.   March 12, 1897. — May 20, 1897.

Present: FIELD, C. J., ALLEN, KNOWLTON, LATHROP, & BARKER, JJ.

*Settlement of Title — Undischarged Mortgage — Acts in Recognition of the Mortgage.*

A petition, under St. 1882, c. 237, to relieve real estate of the encumbrance of an undischarged mortgage cannot be maintained where, within twenty years after the time therein limited for the performance of its conditions, the mortgagor recognizes the existence of the mortgage by a letter written to the mortgagee referring to the mortgage debt and promising payment thereof in time, and later, by buying back from his assignees in bankruptcy the equity of redemption in the mortgaged real estate.

PETITION, filed June 1, 1896, under St. 1882, c. 237, to free the record title to real estate from the encumbrance of an undischarged mortgage.

The petition alleged that, on June 3, 1872, the petitioner, by a deed of mortgage, conveyed to the respondent a parcel of land in Charlestown, subject to redemption upon the payment of sixteen hundred dollars to the respondent in one year with interest at six per cent per annum; that the petitioner, or those having his estate in the premises, had been in uninterrupted possession of the mortgaged premises for more than twenty years after the expiration of the time limited in the mortgage for the performance of the conditions thereof, to wit, June 3, 1873; that no claim or demand had ever been made by the respondent, or by any person claiming under the mortgage, of any right or interest in the mortgaged premises, or to any payment of principal or interest under the mortgage; that no payment on the mortgage had been made, or any act done in recognition of its existence as a valid mortgage, within twenty years after the expiration of the time limited in it for the performance of the conditions thereof; that nothing was due under the mortgage, but that the record title of the premises subject thereto was encumbered because the mortgage remained undischarged of record, and that the respondent refused to discharge it.

The prayer of the petition was that the respondent and all persons claiming under him, or under the mortgage, and that all other persons should be perpetually enjoined from asserting any claim under the mortgage, or from bringing any action to enforce a title thereunder.

The case was referred to a master, who found that the mortgage was given to secure payment of a note for sixteen hundred dollars, payable to the respondent in one year, with interest semiannually at the rate of seven per cent per annum; that when the petitioner gave the note he knew he was bankrupt, and that his purpose in making it was to defraud his creditors; that he was then indebted to the respondent in a sum less than sixteen hundred dollars, and that the respondent took the mortgage and has since held it as security for the amount actually due him; that in the same year, shortly after giving the mortgage, the petitioner formed a partnership with one Lund, which continued until the bankruptcy of the partnership, in November, 1877; that upon such bankruptcy all their estate, real and personal, passed to their assignees under the provisions of U. S. Rev.

Sts. § 5044; that the assignees took possession of the property and petitioned the court for leave to sell the equities in the real estate of the debtors; that on December 27, 1878, pursuant to an order of the court, the assignees sold and conveyed to the petitioner by a deed of release all the equity in this property; and that, on December 26, 1876, and prior to his bankruptcy, the petitioner wrote a letter to the respondent, a copy of which is as follows:

"Boston, Dec. 26, 1876.

"Mr. Graves,—Your letter was duly received, and you can rest assured that I am not forgetting you, but the business has been so hard that I could not get a dollar under any circumstances to give you. I have tried out of all the things I have to mortgage, sell, or do any way to make a raise to pay you as I have actually felt bad, hurt, and really ashamed to think I could not do something for you, and it has been just as much as we could possibly do to keep our business from going to the deuce or some worse place for the past 9 months, failures, losses and slow pay have cramped us up so close that it has actually been impossible to make any move of a personal nature in the way of fixing anything, but if you will keep still and give me time I will swing something into line for you one of these days, and I hope not so far distant as you would say would be no good. I think during the next summer I can make a real estate trade to help me out. Yours truly,        N. Y. Brintnall.

"I will call and see you if it will do you any good, or if you have anything to say of importance; if not I don't want to talk about it till I can do something."

The master further found that, previous to the bankruptcy of the petitioner's firm, it had bought merchandise of the firm of C. H. Graves and Sons, of which the respondent was a member, but that when the above letter was written the petitioner's firm was not indebted to the respondent, nor to his firm, nor was the petitioner personally indebted to the respondent's firm, and that the letter referred to the personal indebtedness of the petitioner to the respondent existing when the mortgage was given; and that the petitioner had paid nothing on account of the debt secured by the mortgage, and had not since it was given recognized its existence as a valid mortgage, unless the foregoing letter

and the acceptance of the deed of release from his assignees in bankruptcy were such a recognition.

Hearing upon the master's report, before *Holmes*, J., who dismissed the petition, and, at the request of the petitioner, reported the case for the consideration of the full court.

*C. A. McDonough*, for the petitioner.

*J. P. Crosby*, for the respondent.

KNOWLTON, J.  The mortgage referred to purports to secure payment of a note for sixteen hundred dollars payable to the respondent with interest semi-annually at seven per cent per annum.  The petitioner's purpose, or one of his purposes, in making it was to defraud his creditors.  The master has found that he was then indebted to the respondent in a sum less than sixteen hundred dollars, and that the respondent took and has since held the mortgage as security for the amount actually due him.  Perhaps it is immaterial in this case, but it does not appear that the respondent participated in the petitioner's fraudulent purpose.  The master has found that the mortgage is valid for the amount for which it was taken, and that no part of that amount has been paid.  The petition is brought under St. 1882, c. 237, to obtain a decree which shall operate as a bar to the respondent's claim under the mortgage.  We have no occasion to determine whether the court could properly enter such a decree as the petitioner prays for in any case in which it appeared that there was a valid mortgage, the condition of which had not been performed.  There is much force in the argument that the object of the statute is merely to provide for the removal of a cloud from the record title of the real estate, when it is encumbered by an undischarged mortgage which is not shown to be in force, and which has not been recognized by the mortgagor by payment or otherwise within twenty years after the time limited in it for the full performance of the conditions thereof.

It is enough for the decision of the present case that the petitioner wrote a letter within twenty years prior to the filing of the petition, which was an act in recognition of the mortgage. The master found that the letter referred to the personal indebtedness of the petitioner to the respondent, which was secured by the mortgage.  In the letter the petitioner makes many apologies for his failure to pay anything on it, and promises, if he can

have time, to do something towards the payment of it. · The recognition by a mortgagor of an indebtedness known to be secured by a valid mortgage, unaccompanied by any objection to the mortgage, is a recognition of the mortgage.

The master's report, as we understand it, shows another act within twenty years in recognition of the mortgage. The petitioner and his copartners became bankrupts in November, 1877, and all of their estate, real and personal, passed to their assignees under the provisions of U. S. Rev. Sts. § 5044. A part of this property was the petitioner's right in equity to redeem this mortgage. The assignees took possession of the property and petitioned the court for leave to sell the equities in the real estate of the debtors. They sold the equity in this property to the petitioner by a deed of release. Their treatment of this as an equity of redemption in their petition for an order of sale, and their sale in pursuance of the order, must be assumed to have been in accordance with their real title, as found by the master and shown by the record in the registry of deeds. Their possession, petition for an order of sale, and sale, were all within twenty years prior to the filing of the petition, and their action was *prima facie* a recognition of this mortgage. The entry must therefore be,                              *Petition dismissed.*