ASA MITCHELL *vs.* ELBRIDGE G. BICKFORD & others.

Suffolk. March 27, 1906. — June 19, 1906.

Present: KNOWLTON, C. J., MORTON, LATHROP, BRALEY, & SHELDON, JJ.

*Mortgage. Cloud on Title. Land Court.*

On a petition in the Land Court under R. L. c. 182, § 15, for the discharge of a mortgage incumbering the record title of the petitioner to certain real estate, if the petitioner shows his record title to the property, the incumbrance by the undischarged mortgage, and his possession for twenty years without payment upon the mortgage or recognition of it in any way, he is entitled to a decree discharging the mortgage.

PETITION in the Land Court, filed December 29, 1904, under R. L. c. 182, § 15, for a decree discharging a mortgage incumbering the record title of the petitioner to certain real estate in that part of Boston called South Boston.

In the Land Court *Davis, J.* found the facts which are stated in substance in the next to the last paragraph of the opinion, and made a decree for the petitioner. The respondents appealed to the Superior Court, and presented certain issues to be framed for the appeal. The judge made an order disallowing the issues on the ground that they did not present any matters material to the judgment. To this order the respondents excepted. The judge reported the case to the Superior Court under St. 1905,

c. 288. The Superior Court dismissed the appeal. The respondents alleged exceptions in the Land Court which were allowed by *Davis*, J.

*S. K. Hamilton*, *T. Eaton & H. R. Morse*, for the respondents.

*B. B. Dewing*, for the petitioner.

KNOWLTON, C. J. This is a petition brought under R. L. c. 182, § 15. This section, originally enacted as St. 1882, c. 237, was entitled "An Act relating to the settlement of titles to real estate." As it now appears with additions and amendments in the Revised Laws, it gives one whose record title to land is incumbered by an undischarged mortgage a right to have his title perfected if certain facts appear. If he has been in uninterrupted possession of the land for twenty years after the expiration of the time limited in the mortgage for the full performance of the condition thereof, and if, at a hearing upon his petition, after due notice, this fact appears, and no evidence is offered of a payment on account of the debt secured by the mortgage within twenty years after the expiration of the time limited for the performance of the condition, or of any other act within said time in recognition of its existence as a valid mortgage, he may have a decree entered reciting these facts. This decree may be recorded in the registry of deeds within thirty days after its entry, and it then becomes a bar to the maintenance of an action to enforce a title under the mortgage. At the common law, possession of mortgaged premises by the mortgagor and those claiming under him for twenty years, without recognition of the mortgage or of a debt secured by it, is presumptive proof of payment of the mortgage. In *Cheever* v. *Perley*, 11 Allen, 584, it is said that, to rebut the presumption of payment, "some positive act of unequivocal recognition, like part payment or a written admission, or at least a clear and well identified verbal promise or admission, intelligently made within the period of twenty years, is required." See *Kellogg* v. *Dickinson*, 147 Mass. 432. In *Brintnall* v. *Graves*, 168 Mass. 384, 387, the question was raised whether under this statute the court could properly enter a decree for the petitioner in any case in which it appeared that there was a valid mortgage the condition of which had not been performed. Without deciding it, the court said: "There is much force in the argument that

the object of the statute is merely to provide for the removal of a cloud from the record title of the real estate, when it is incumbered by an undischarged mortgage which is not shown to be in force, and which has not been recognized by the mortgagor by payment or otherwise within twenty years after the time limited in it for the full performance of the condition thereof."

We are of opinion that the object of the statute is to provide for the removal of such a cloud, and to make twenty years' possession by the mortgagor without recognition of the mortgage, if availed of in these proceedings, an absolute statutory bar to all claims under the mortgage. If the conditions stated in the statute are shown at the hearing the decree is to be entered. The statute has been construed liberally whenever it has been before the court. *Short* v. *Caldwell*, 155 Mass. 57. *Tarbell, petitioner*, 160 Mass. 407. *Brintnall* v. *Graves*, 168 Mass. 384, 387.

In the present case the petitioner showed his record title, the incumbrance by an undischarged mortgage, and his possession for twenty years without payment upon the mortgage or recognition of it in any way. These facts bring him within the statute and entitle him to a decree.

We do not intimate that, upon the facts appearing, he would not be entitled to have his estate relieved from the mortgage under other provisions of law. But it is enough for this case that it is within the statute relied on.

*Exceptions overruled.*