MARIA A. McMAHAN & another *vs.* ELLEN E. McMAHAN.

Suffolk.   January 12, 1910. — February 23, 1910.

Present: KNOWLTON, C. J., MORTON, HAMMOND, BRALEY, & SHELDON, JJ.

*Mortgage*, Of real estate.

A portion of R. L. c. 182, § 15, which originally was St. 1882, c. 237, provides that
when the record title of land is encumbered by an undischarged mortgage, and
the mortgagor and those having his estate therein have been in uninterrupted
possession of the land for twenty years after the expiration of the time limited
in the mortgage for the full performance of the condition thereof, he or they
may apply to the court by petition setting forth the facts, and if, after such
notice by publication or otherwise as the court orders, no evidence is offered of
a payment on account of the debt secured by such mortgage within twenty
years after the expiration of the time limited for the performance thereof or of
any other act in recognition of its existence as a valid mortgage, the court may
enter a decree reciting the facts and findings, which shall be recorded in the
registry of deeds for the county or district in which the land lies, and no action
to enforce a title under the mortgage shall thereafter be maintained.   Upon
a petition in the Land Court under this statute the petitioner introduced evi-
dence tending to prove the averments of his petition, and the respondent intro-
duced evidence tending to show that a payment was made on account of the
mortgage less than twenty years before the filing of the petition, and introduced
other evidence tending to show that the mortgage had been recognized by the
mortgagor as valid within twenty years.   The judge dismissed the petition, and
ruled that upon the introduction of this evidence by the respondent the court
had no authority to enter a decree for the petitioner under the statute.   *Held,*
that the petition was dismissed rightly, and that the ruling of the judge was
correct, the court having no jurisdiction to make a decree where evidence is
offered of a payment on the mortgage or of a recognition of it within twenty
years.

PETITION, filed in the Land Court on May 15, 1909, under
R. L. c. 182, § 15, to relieve the record title of certain real es-
tate on Liverpool Street in that part of Boston called East
Boston, owned by the petitioners and the respondent as tenants
in common, from an undischarged mortgage given by Francis
McMahan, the father of the parties, to the East Boston Savings
Bank on August 8, 1871, to secure the payment of $1,500 with
interest at eight per cent, and assigned by that savings bank to
the respondent on April 20, 1878.

The case was heard by *Clark,* J.   The evidence introduced
by the parties is described in the opinion.   The judge ordered

that the petition be dismissed, and made the ruling which is stated in the opinion. The petitioners alleged exceptions.

*Jere J. McCarthy*, (*P. M. McArdle* with him,) for the petitioners.

*O. B. Mowry*, for the respondent.

KNOWLTON, C. J. This is a petition under the R. L. c. 182, § 15, to relieve the record title to certain real estate from the incumbrance of an undischarged mortgage held by the respondent. The petition is founded upon that part of the section which originally was St. 1882, c. 237, and it avers that the mortgagor and those having her estate in the premises have had uninterrupted possession of the real estate for more than twenty years after the expiration of the time for the full performance of the conditions of the mortgage, and that no payment on account of the debt secured by the mortgage has been made and no act in recognition of its existence as a valid mortgage has been done within twenty years.

At the hearing in the Land Court the petitioners introduced evidence tending to prove the averments of their petition, and evidence was introduced by the respondent that a payment was made on account of the mortgage less than twenty years ago, and other evidence that the mortgage has been recognized by the mortgagor as valid within twenty years. The judge dismissed the petition, and ruled that, upon the introduction of this evidence by the respondent, the court had no authority to enter a decree for the petitioners under this section. The case is before us upon an exception to this ruling.

The statute provides, as to this class of mortgages, that the court may enter a decree for the petitioner reciting the facts and findings, only when no evidence is offered of a payment on account of the debt within twenty years, or of any other act of recognition of the existence and validity of the mortgage. When such evidence is offered, the court has no jurisdiction to proceed further in favor of the petitioner.

The contention of the petitioners overlooks the character of this proceeding. Its nature is shown in the original enactment in St. 1882, c. 237, which is consolidated with other similar statutes in the section of the Revised Laws above referred to. The statute was intended to provide a simple and easy way of

removing this kind of incumbrance from the record in cases where there is no controversy. It gives no jurisdiction to determine the validity or invalidity of a disputed mortgage of long standing. Even for the purposes for which it was intended, the court, in *Tarbell, petitioner*, 160 Mass. 407, 409, intimated a doubt as to its effect upon the rights of mortgagees without actual notice of the petition. The only affirmative action that the court can take is to make a decree reciting the facts and findings; and this it can do only when no evidence is offered of a payment upon the mortgage, or of a recognition of it, within twenty years.

In *Brintnall* v. *Graves*, 168 Mass. 384, the court refrained from intimating an opinion as to whether a decree for the petitioner should be entered, and, if so, what would be its effect, if it appeared that there had been no payment or recognition of the mortgage by the mortgagor within twenty years, and at the same time it appeared otherwise that there was a valid mortgage which remained unpaid. But there was a strong intimation, which later, in *Mitchell* v. *Bickford*, 192 Mass. 244, 246, was changed into a categorical statement, that the object of the statute is to provide for the removal of a cloud from the title when there has been twenty years' continuous possession by the mortgagor without recognition of the mortgage. Constitutional questions that might arise, as to interested persons who receive no notice, have not been considered.

Where there is a controversy between the parties as to the validity and effect of a mortgage of this class, there are other ways of settling it. This statute is not applicable to such cases.

*Exceptions overruled.*