NELLIE G. LEWIS & others *vs.* FRANCIS J. CROWELL, administrator.

Barnstable.    March 2, 1910. — May 17, 1910.

Present: KNOWLTON, C. J., MORTON, HAMMOND, LORING, & BRALEY, JJ.

*Mortgage,* Of real estate. *Constitutional Law. Limitations, Statute of. Statute,* Construction.

A portion of R. L. c. 182, § 15, which originally was St. 1882, c. 237, provides that when the record title of land is incumbered by an undischarged mortgage, and the mortgagor and those having his estate therein have been in uninterrupted possession of the land for twenty years after the expiration of the time limited in the mortgage for the full performance of the condition thereof, he or they may apply to the court by petition setting forth the facts, and if, after such notice by publication or otherwise as the court orders, no evidence is offered of a payment on account of the debt secured by such mortgage within twenty years after the expiration of the time limited for the performance thereof or of any other act in recognition of its existence as a valid mortgage, the court may enter a decree reciting the facts and findings, which shall be recorded in the registry of deeds for the county or district in which the land lies, and no action to enforce a title under the mortgage shall thereafter be maintained. *Held,* that this provision is a statute of limitation, which merely affects the remedy and does not change the substantive rights secured by the contract of mortgage, and applies to a mortgage where the time limited for the performance of the condition of the mortgage expired more than twenty years before the year 1882 when the statute was enacted. *Held, also,* that, so construed, the statute is not unconstitutional as impairing the obligation of contracts.

Upon a petition under R. L. c. 182, § 15, St. 1882, c. 237, to remove a cloud from the title to the petitioner's land by declaring the discharge of a mortgage on the land, which had been in the uninterrupted possession of the mortgagor and those

holding under him for more than twenty years after the expiration of the time limited for the full performance of the condition of the mortgage, if after the notice required by the statute no evidence is offered of a payment on account of the debt secured by such mortgage within twenty years of the time limited for the performance thereof or of any other act within that period in recognition of its existence as a valid mortgage, the respondent cannot be allowed to show that the condition of the mortgage has not been performed; and, if it appears and is found as a fact that the condition of the mortgage has not been performed, the petitioner none the less is entitled to a decree, because possession by the mortgagor for twenty years without recognition of the mortgage, when the terms of the statute are complied with, is made an absolute bar to all claims under the mortgage.

PETITION filed in the Land Court on July 20, 1908, under R. L. c. 182, § 15, (St. 1882, c. 237,) to remove a cloud from the title to a lot of land of the petitioners on Bradford Street in Provincetown by declaring the discharge of a mortgage on the land, which was given on April 30, 1858, by William Whalen to David Crowell, late of Beverly, to secure the payment of $150 with interest in two years from that date.

At the trial in the Land Court before *Davis*, J., the facts appeared in evidence which are stated in the opinion. There also was evidence that the condition of the mortgage had not been performed. It appeared that the statute first was enacted in 1882, which was more than twenty years after the expiration of the time limited in the mortgage for the full performance of the condition thereof.

At the close of the evidence the respondent asked for the following rulings or findings:

" 1. Upon all the evidence the petition should be dismissed.

" 2. Under R. L. c. 182, § 15, a decree cannot be entered for the petitioners if it appears that the conditions of the mortgage have not been performed.

" 3. The conditions of the mortgage in this case have not been performed.

" 4. R. L. c. 182, § 15, having been enacted more than twenty years after the expiration of the time limited in the mortgage for the full performance of the conditions thereof, a decree cannot be entered for the petitioners."

The judge made a memorandum of his finding and refusal of rulings as follows:

" I find as requested by the respondent that the condition of

the mortgage has not been performed. The respondent's requests for rulings, however, I refuse."

The judge ordered a decree for the petitioners in ordinary form under the statute; and the respondent alleged exceptions.

The case was submitted on briefs.

*R. A. Hopkins*, for the respondent.

*W. Welsh*, for the petitioners.

KNOWLTON, C. J. This case presents a question in regard to the construction of the R. L. c. 182, § 15, (St. 1882, c. 237,) which has been referred to in former cases, but not decided. The facts come within the language of the statute, and give the court jurisdiction to enter a decree for the petitioner, within the decision in *McMahan* v. *McMahan, ante*, 99, unless by implication the finding " that the condition of the mortgage has not been performed " takes the case out of the statute and leaves the mortgage in full force.

It has been said in former decisions that the object of the statute is to provide for the removal of a cloud from a title when there has been twenty years' continuous possession by a mortgagor after the mortgage becomes due, without recognition of the mortgage. *Mitchell* v. *Bickford*, 192 Mass. 244, 246. *McMahan* v. *McMahan, ante*, 99. But there is no provision for reaching this result except when the statutory requirements are availed of in proceedings under this statute. By the terms of the statute, if the mortgage is to secure the payment of money, they can be availed of only when no evidence is offered of a payment on account of the debt secured by the mortgage within twenty years after the expiration of the time limited for the performance of the condition thereof, or of any other act within said time, in recognition of its existence as a valid mortgage. Unless the necessary facts are proved without the introduction of evidence tending to show the contrary, no action can be taken under the statute. *McMahan* v. *McMahan, ubi supra*. If the petitioners' averments are met with evidence of payment or other recognition of the mortgage within the twenty years referred to, the petitioners are left to their rights at common law, where they have the benefit of a presumption of payment after the expiration of twenty years, but are still subject to a determination of the fact whether the condition of the mortgage has been per-

formed.   Their rights in such a case are fully stated in *Jenkins*
v. *Andover Theological Seminary, ante*, 376.

If the mortgage is to secure the mortgagee against a con-
tingent liability, the court, under the St. 1885, c. 283, embodied
in the R. L. c. 182, § 15, may determine whether this contingent
liability has ceased to exist, and whether the mortgage ought to
be discharged.

In mortgages to secure the payment of money the presump-
tion of payment after the lapse of twenty years is so strong that
if, in addition, we have the neglect of the mortgagee to offer
any evidence of payment or of a recognition of the mortgage
when notified of an application to obtain a discharge under this
statute, the Legislature may well treat it as establishing an
absolute limitation upon the right of the mortgagee to enforce
the mortgage.   The words, "and no action to enforce a title
under said mortgage shall thereafter be maintained" create
this limitation.

The question is raised whether this statute was intended to
apply to mortgages whose condition was to be performed before
its enactment, or only to those in which the twenty years would
begin to run afterward.   The language seems plainly to apply
to mortgages in which a part or the whole of the period had
already expired, as well as to those, all of whose conditions were
to be performed after the enactment of the statute.   Upon the
respondent's contention, no proceedings could be taken under
the act until the expiration of twenty years or more from
its enactment.

It is contended that this construction makes the statute un-
constitutional, as impairing the obligation of contracts.   But the
Legislature may make a statute of limitations applicable to ex-
isting contracts, provided a reasonable time is given for the
enforcement of them.   A statute of limitations does not take
away any substantive rights secured by the contract, but only
affects the remedy.   All the questions that arise upon this con-
tention are fully answered in *Mulvey* v. *Boston*, 197 Mass. 178,
and the cases there cited.   When one has waited twenty years
or more after the time fixed for the performance of a condition
of a mortgage, without receiving any payment or other recog-
nition of it, the Legislature may determine that, if he wishes to

enforce it by suit, he shall take action within thirty days. All the reasons for sustaining the validity of the act in *Mulvey* v. *Boston*, *ubi supra*, exist in the present case.

Inasmuch as the facts are established under this statute, and there is no evidence of any payment or other recognition of the mortgage within twenty years after the time when the condition of it was to be performed, we are of opinion that the case is within the express terms of the statute, and that these facts create an absolute bar under a special statute of limitations applicable only in proceedings of this kind. The fact that the condition of the mortgage has not been performed cannot be set up against the statute in this case. In *Mitchell* v. *Bickford*, 192 Mass. 244, 246, is this language: "We are of opinion that the object of the statute is to provide for the removal of such a cloud, and to make twenty years' possession by the mortgagor without recognition of the mortgage, if availed of in these proceedings, an absolute statutory bar to all claims under the mortgage."

*Exceptions overruled.*