NICHOLAS SIMONELLI ET AL. *v.* THOMAS I. FITZGERALD, ADMINISTRATOR (ESTATE OF HOWARD P. BARTRAM)

ALCORN, HOUSE, THIM, RYAN and COVELLO, Js.

50

Argued December 6, 1967—decided January 16, 1968

*John J. Hunt,* with whom was *Ernest Capozzi,* for the appellants (plaintiffs).

*John F. Lambert,* for the appellee (defendant).

THIM, J. The present action was instituted in 1965. The plaintiffs, husband and wife, as record owners of the property in question, sought, pursuant to General Statutes § 49-13, a declaration that two unpaid mortgages of record were invalid. Section 49-13 reads, in part, as follows: "When the record title to real property is encumbered by any undischarged mortgage, and the mortgagor or those owning his interest therein have been in undisturbed possession of such property for at least seventeen years . . . , the mortgagor or the person . . . owning his interest in such property may bring a petition to the superior court . . . setting forth the facts and claiming a judgment . . . . [I]f no evidence is offered of any payment on account of the debt secured by such mortgage within said period of seventeen years, or of any other act within said period in recognition of its existence as a valid mortgage, the court may render a judgment reciting

the facts and its findings in relation thereto and declaring such mortgage invalid as a lien against such real estate . . . , and no action to enforce a title under such mortgage shall thereafter be maintained."

The finding, which is not subject to any material corrections, reveals these facts: By a warranty deed dated May 15, 1939, from Harry W. Meyers to the plaintiffs, the plaintiffs became the owners of real estate, together with the buildings thereon, known as 124-130 East Main Street in Bridgeport. At the time of the conveyance, the property was encumbered by two first mortgages and one second mortgage which had been given to secure the payment of three separate promissory notes which were payable on demand. The plaintiffs, as grantees, assumed and agreed to discharge all three mortgages as part of the consideration for the transaction. One first mortgage, originally in the sum of $4250, but subsequently reduced to $4000, covered the northerly fifty-two feet of the property; the other first mortgage, in the sum of $3750, covered the southerly fifty-two feet of the property. Both of these first mortgages were acquired by Howard P. Bartram, the defendant's decedent, through an assignment on January 18, 1935. These two first mortgages are the ones which the plaintiffs sought to have declared invalid as liens against their property. In his lifetime, Bartram never divested himself of his interest in the first mortgages. The Investors Mortgage Company held the second mortgage, which covered the entire property. At the time the plaintiffs assumed this mortgage, $1423.51 was owing on it. It was eventually released on December 5, 1941.

In all transactions concerning these mortgages,

the plaintiff husband, in addition to acting for himself, was also representing his wife. Every six months after the plaintiffs acquired the property, the plaintiff husband, in response to bills sent to the plaintiffs by the Investors Mortgage Company, made payments on all three mortgages at the office of the company in Bridgeport. After the release of the second mortgage, the plaintiffs continued to make semiannual payments on the Bartram mortgages to the Investors Mortgage Company until September, 1943. At that time, the plaintiff husband, in addition to making a payment, offered to pay the company the entire balance then due on the Bartram mortgages which was then approximately $5500. When the offer was made, the plaintiffs had cash in the bank totaling $30,000 available for the purpose of paying off the balance due on the two mortgages. The company told the plaintiff husband that it did not have the authority to accept payment of the entire mortgage balances.

Thereafter, the plaintiffs received no further bills for mortgage payments from any source. Solely for this reason they made no further payments on the mortgage notes. Since September, 1943, to the date of the trial, the plaintiffs knew they still owed the principal amount and interest on the two first mortgages. The court further found that the plaintiff husband, in discussions with his wife from 1943 to 1964, acknowledged that the notes were unpaid. During this same period, he also told his wife that he owed the money and would pay it if anyone came around to collect it. The property conveyed to the plaintiffs was a twelve-family house which the plaintiffs purchased solely for an investment. The purchase price was $12,500. The market value of the property at the time of the trial was $30,000. On the

basis of the foregoing facts, the court concluded that the plaintiffs or those owning their interest in the property had been in undisturbed possession of the property for at least seventeen years after the due dates of the mortgage notes, and at least seventeen years next preceding the commencement of this action, and that no evidence was offered of any payment on account of the debts secured by the mortgages within seventeen years. The court further concluded that the plaintiffs were not entitled to relief under General Statutes § 49-13 because the evidence disclosed acts of the plaintiffs which recognized the existence and the validity of the mortgages. In addition to these conclusions, the court concluded that the evidence demonstrated that it would be grossly inequitable to afford the plaintiffs the benefits of § 49-13.

The plaintiffs, in their appeal, claim that the facts were insufficient to support the court's conclusion that they had recognized the existence and the validity of the mortgages. They also contend that the court erred in concluding that it would be inequitable to grant the relief. In view of the construction which we put on § 49-13 and the application of it to the evidence concerning the plaintiffs' acts in recognizing the existence of the mortgages, we deem it unnecessary to consider the assignment of error which challenges the court's action in denying relief to the plaintiffs on equitable grounds.

Section 49-13 of the General Statutes is not a Statute of Limitations. A Statute of Limitations is a bar to the maintenance of an action, whereas § 49-13 authorizes an action in which affirmative relief may be granted if, and only if, the requirements of the statute are met. *Arnold* v. *Hollister,* 131 Conn. 34, 38, 37 A.2d 695. The statute "does not

declare that a mortgage upon which no payment has been made for a period of seventeen years or which has not been recognized as a valid mortgage within that period is unenforceable, but it gives the court the right to declare it invalid." Ibid. The purpose of a statute of this type is to provide a simple method whereby a mortgage, the invalidity of which is undisputed, may be declared invalid by the court and removed as a cloud on the title to the property. See *Lewis* v. *Crowell,* 205 Mass. 497, 499, 91 N.E. 910; *McMahan* v. *McMahan,* 205 Mass. 99, 100, 91 N.E. 298; *Mitchell* v. *Bickford,* 192 Mass. 244, 246, 78 N.E. 453. The statute gives the court no jurisdiction to determine the validity or invalidity of a disputed mortgage of long standing. *McMahan* v. *McMahan,* supra, 101. Thus, the Superior Court, pursuant to § 49-13, could render judgment for the plaintiffs only if no evidence was offered of a payment on account of the mortgage debt within seventeen years, or of any other act within such period in recognition of the existence of a valid mortgage. When such evidence is offered, the court has no jurisdiction to proceed further in favor of the plaintiffs. See *McMahan* v. *McMahan,* supra, 100.

Since the purpose of this statute differs from that of a Statute of Limitations, the evidence which will preclude relief under it is not required to be of the same kind which would bar, suspend or start anew the running of the time prescribed by a Statute of Limitations. If there is evidence that, during the seventeen-year period, the owner of property encumbered by a mortgage has by an express declaration, or by any overt act, recognized the existence and the validity of the mortgage, he is not entitled to relief under this statute.

Here, the plaintiff husband, while discussing the

matter with his wife during the years 1943 to 1964, expressly stated that he owed the unpaid mortgage debts and that he would pay them if someone came around to collect them. These statements show a recognition both of the existence and the validity of the mortgage debts. In view of this evidence, we cannot find that the trial court erred in refusing to grant the plaintiffs relief under the statute.

There is no error.

In this opinion the other judges concurred.