[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
The plaintiff alleges by way of a two count, amended complaint that it is the owner of a parcel of land located in Watertown. In the first count, the plaintiff alleges that the plaintiff and defendant Barberino entered into a contract for the sale of the parcel; that the defendant caused said contract to be recorded on the land records pursuant to General Statutes § 49-92a[1]; that the contract provided for a specific closing date; that the sale was not performed on the date specified by the contract for the closing; and, due to the defendant's failure to close as specified in the contract, the contract lapsed. The plaintiff also alleges that it entered into a second contract with another defendant — Redstone Development Corporation — for the sale of the parcel after the alleged lapse of the first contract. The plaintiff alleges that the Redstone contract was also recorded on the land records pursuant to General Statutes § 49-92a.
In the second count, the plaintiff alleges that the recording of both contracts may create purchasers' liens pursuant to General Statutes § 49-92a in favor of the respective parties. As to the first count, the plaintiff by way of equitable relief and pursuant to General Statute § 49-13(a)(3), petitions the court for an order that the first lien, based on the Barberino contract, is invalid and of no effect because the contract lapsed and is therefore null and void. As to the second count, the plaintiff prays for an order dissolving any purchasers' liens created by the recordation of both contracts upon the substitution of bond.
The defendant has moved to dismiss the first count on the ground that the court does not have subject matter jurisdiction to order a lien discharged under General Statutes § 49-13[2] where the validity of the lien is in dispute.
"A motion to dismiss tests, inter alia, whether on the face of the record, the court is without jurisdiction." Upson v.State, 190 Conn. 622, 624, 461 A.2d 991 (1983). "[A]s soon as the jurisdiction of the court to decide an issue is called into CT Page 2826 question, all other action in the case must come to a halt until such a determination is made." Gurliacci v. Mayer, 218 Conn. 531,544-45, 490 A.2d 509 (1991). "The motion to dismiss . . . `admits all facts which are well pleaded, invokes the existing record and must be decided upon that alone.'" Barde v. Board ofTrustees, 207 Conn. 59, 62, 539 A.2d 1000 (1988). In addition, on deciding a motion to dismiss, the court must construe the factual allegations of the complaint most favorably for the plaintiff. American Laundry Machinery, Inc. v. State,190 Conn. 212, 217, 459 A.2d 1031 (1983).
"No judge or court has the power to order the release of property from the lien of an attachment unless its release is authorized by statute." Clime v. Gregor, 145 Conn. 74, 76,138 A.2d 794 (1958), citing Csakany v. Takacs, 143 Conn. 485, 487,123 A.2d 7674 (1956). The statute relied on by the plaintiff, General Statutes § 49-13
 is not a Statute of Limitations. A Statute of Limitations is a bar to the maintenance of an action, whereas § 49-13 authorizes an action in which affirmative relief may be granted if, and only if, the requirements of the statute are met. Arnold v. Hollister, 131 Conn. 34, 38, 37 A.2d 695.
Simonelli v. Fitzgerald, 156 Conn. 49, 53, 238 A.2d 418 (1968). Where the evidence indicates that the requirements of General Statutes § 49-13 are not satisfied, the court is without jurisdiction to proceed in favor of the plaintiff. Id., 54.
The defendant cites Gordon v. Tufano, 188 Conn. 477,450 A.2d 852 (1982) for the proposition that where the validity of the lien is in dispute, the court has no jurisdiction to grant relief under General Statutes § 49-13. In that case, the plaintiff brought an action under General Statutes § 49-13(a)(1) seeking the discharge of a mortgage. Subsection (a)(1) of the statute provides "a simple method whereby a mortgage, theinvalidity of which is undisputed, may be declared invalid by the Court and removed as a cloud on the title to property." Id., 483. In addition, General Statutes § 49-13(a)(1) provides with specificity the conditions that must be found to exist in order to discharge a mortgage.[3] The evidence before the trial court indicated that within the statutory seventeen year period (see note 3, supra), the parties had acted in a manner recognizing the validity of the mortgage. Based on this fact, the supreme CT Page 2827 court held that the trial court had no jurisdiction to discharge the mortgage under General Statutes § 49-13. Gordon v. Tufano,
supra, 188 Conn. 482-84. The supreme court did not hold, however, that the trial court had no jurisdiction over the petition. Rather, the court held that the trial court did not have jurisdiction to render a judgment for the plaintiffs following the submission of evidence indicating that the mortgage was in dispute. Gordon v. Tufano, supra, 188 Conn. 482-84. Similarly, in Simonelli v. Fitzgerald, supra, 156 Conn. 54, the court held that General Statutes § 49-13(a)(1)
 gives the court no jurisdiction to determine the validity or invalidity of a disputed mortgage of long standing. . . . Thus, the Superior Court, pursuant to § 49-13, could render judgment for the plaintiffs only if no evidence was offered of a payment on account of the mortgage debt within seventeen years, or of any other act within such period in recognition of the existence of a valid mortgage. When such evidence is offered, the court has no jurisdiction to proceed further in favor of the plaintiffs.
(Citations omitted.)
In the present case, the plaintiff alleges that the purchaser's lien under General Statutes § 49-92a is invalid because the Barberino contract has lapsed and become void. For the purposes of the motion to dismiss, this allegation must be favorably construed. American Laundary Machinery, Inc. v.State, supra, 190 Conn. 217. Therefore, the validity of the lien is not yet in dispute until the defendant offers evidence to this effect. See Simonelli v. Fitzgerald, supra, 156 Conn. 54
(when evidence was offered by defendants indicating that the mortgage was in dispute, the court has no jurisdiction to proceed further in favor of the plaintiffs). Therefore, in accordance with the foregoing, the court finds that it has jurisdiction over the petition and the defendant's motion to dismiss is denied.
WEST, J.