[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
The plaintiff Quinnipiac Lodge has applied for a discharge of a mortgage lien on real property pursuant to § 49-13 of the Conn. General Statutes. The property in question is located at and known as 14 Water Street in the town of Guilford and was conveyed to the plaintiff 14 Water Street Associates on December 5, 1996. Because of the existence of a mortgage lien, the plaintiff Quinnipiac Lodge has been obliged to establish an escrow account for the benefit of 14 Water Street Associates.
Pursuant to a prior court order, notice via publication was ordered as to the defendant Thomas Lacey. This notice was read by one Emma J. Magee, Executrix of the Estate of Thomas Lacey. Counsel has now appeared for the executrix and the court heard the parties on March 3, 1996.
The parties have stipulated that the court may utilize the deposition of Ms. Magee in determining the issues raised, the first being that of jurisdiction. The plaintiffs rely on a 1949 Superior Court decision in Tedesco v. Conway, 16 Conn. Sup. 256. This action was brought under a predecessor statute to §49-13, § 7123, and was an action to quiet title. The defendant argues that the plaintiffs should have resorted to a quiet title action here and since they have not, they cannot proceed under § 49-13 because there is a dispute as to the validity of the mortgage in question. The defendant cites Gordon v. Tufano,188 Conn. 477 (1982), more particularly at page 484:
 "Where there is a controversy between the parties as to the validity and effect of a mortgage of this class, CT Page 3517 there are other ways of settling it. This statute is not applicable to such cases."
The defendant's analysis of this case is faulty, however, for she ignores other language of the court which points out that in the Gordon case:
 "The plaintiff's own testimony indicated that, within the statutory seventeen year period, there had been a conversation between the parties in which the plaintiff was told that, because of the mortgage, the house could be taken away from her. She did not then demur from this representation. That testimony sufficiently put into issue the continued validity of the mortgage so that § 49-13 cannot be relied upon to afford the plaintiff the relief she seeks."
Unfortunately for the defendant, there is no evidence that puts into issue the continued validity of the mortgage. All that Ms. Magee could say was that she had no records of payment, no original note or mortgage, recalled no conversations about the mortgage, and Mr. Lacey had made no mention of it. Interestingly, she recalled that prior to his death, Mr. Lacey had received visits from members of the plaintiff lodge, of which he was also a member. She first learned of the mortgage when she saw the court-ordered legal notice.
The court concludes that the defendant's jurisdictional claim lacks merit.
The court must next determine if the plaintiffs satisfied the conditions set forth in § 49-13 (c) to warrant an order declaring the mortgage invalid.
The plaintiffs have satisfied the court's order as to legal publication. There has been no evidence of any payment on the demand mortgage within the preceding seventeen years. Nor has there been evidence offered by the plaintiffs' recognition of the existence of the mortgage within that seventeen year period.Simonelli v. Fitzgerald, 156 Conn. 49, 54 (1968).
 "Thus, the Superior Court, pursuant to § 49-13, could render judgment for the plaintiffs only if no evidence was offered of a payment on account of the mortgage debt within seventeen years, or of any other CT Page 3518 act within such period in recognition of the existence of a valid mortgage. When such evidence is offered, the court has no jurisdiction to proceed further in favor of the plaintiffs."
In addition, the court notes there is no original note or mortgage reflecting this demand mortgage. There is no evidence of any payment. It was not inventoried as part of the Lacey estate and the estate made no claim against the plaintiff lodge.
It is the conclusion of the court that the mortgage dated May 21, 1955 by and between Menuncatuck Lodge 62, Independent Order of Odd Fellows and Thomas Lacey is invalid.
Anthony V. DeMayo Judge Trial Referee