[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
Pursuant to § 49-13 of the General Statutes, the CT Page 5703 plaintiffs bring this action seeking discharge of a mortgage in the face amount of $18,000.00 recorded in Volume 1701, Page 346 of the Milford Land Records encumbering their premises.
Section 49-13 of the Connecticut General Statutes provides a procedure for discharge of mortgages or ineffective attachments. As to undischarged mortgages, the statute provides relief where the mortgagor has been in undisturbed possession of the premises for six years after the expiration of the time limited in the mortgage for the full performance of the condition thereof and for at least six years prior to bringing the action.
The mortgage deed is dated February 17, 1989 and provides that if not earlier paid, any remaining principal is due and payable on February 24, 1991.
The court finds both six year prongs of the statute satisfied since the plaintiff's credible testimony is that he has made no payments on the mortgage since sometime in 1991 and the action was commenced by publication service on June 17, 1998. No sheriff caused the notice to be published but in fact publication occurred. Under § 11-7 of the Rules of Practice the affidavit of a person showing publication was made on June 18, 1998 and June 25, 1998 in the Connecticut Post suffices as an alternative.
The court further finds that the entire $18,000.00 principal borrowed is still due. The mortgage provided for payments of interest only during its term, and a balloon payment at the end of the term.
The court further finds that the defendant Mid Eastern Mortgage left the premises it occupied and the plaintiffs have not been able to find a place of business at which payments could have been made.
The issue now before the court is whether the mortgage should be held to be discharged pursuant to Section 49-13 of the statutes, and if so whether the court should require that pursuant to provisions of Section 49-13(C) payment of any balance due on the indebtedness be made to the Clerk of the Court to be held for the benefit of the mortgagee.
Provisions of Section 49-13 of statutes are not mandatory.Lesser v. Lesser, 134 Conn. 418, 58 A.2d 512 (1948). However our law, going back to its antecedents in English common law favors CT Page 5704 free alienability of real property and the statutory purpose of providing means to remove clouds on title.
Because the court finds that the defendant by lack of attention to its business affairs has created this situation where payment could not be made the court directs that no accrued interest shall be required to be paid by the plaintiffs on the debt.
For the same reason the court finds that the plaintiff's equitably should be credited with the sum of $2500.00 for attorney's fees incurred in the commencement prosecution and trial of this legal action.
Equity however requires that the remaining principal amount of $18,000.00 less the credit of $2500.00, for attorney's fees and less the taxable costs of this action be paid by the plaintiffs to the Clerk of the Court so that in the event the defendant lender is found, it can make claim to the Clerk for the principal found due.
The court orders that the sum of $16,500.00 less taxable costs of this action be paid to the Clerk of the Superior Court pursuant to § 49-13a of the General Statutes to be held for the benefit of the mortgagee or the persons interested who are its lawful agents or assignees, as provided by law. Upon deposit of said sum $16,500.00 less the taxable costs of this action with the Clerk, judgment shall issue in favor of the plaintiffs and against the defendant that the encumbrance created by the mortgage from George M. Smith, Jr. and Susan M. Smith to Mid Eastern Mortgage and Investment Associates, Inc., in the face amount of $18,000. dated February 17, 1989 and recorded on February 24, 1989 in Volume 1701, Pages 346-350 is declared to be null and void and totally discharged.
Flynn, J.