[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION ON PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT
The despositive issue on this motion is whether the express language of a promissory note as incorporated into the mortgage invokes the provisions of subsection (1)(A) or subsection (1)(C) of General Statutes § 49-13(a).[1] The mortgage recites a consideration of $500,000. The applicable provision of the mortgage reads as follows:
 "Said principal shall be due and payable in quarter annual installments of $12,500.00 on the first days of January, April, July and October of each year commencing January 1, 1983. Each payment of principal, as herein provided, shall be accompanied by a payment of interest at the rate of ten (10%) percent per CT Page 6224 annum on the unpaid principal balance accruing as of the due date of each principal installment".
The note also obligated the mortgagor to pay all taxes and assessments on the mortgaged property" as well as to keep the premises insured for casualty loss.
Arguing that (A) applies, the plaintiff contends that the "time limited" in the mortgage for the full performance of the conditions thereof as set forth in that subsection is easily determined by dividing the original principal of the note by the number of calendar quarters needed to pay the full amount. viz: $12,500 x 4 = $50,000; 500,000 ÷ 50,000 = 10 years. Thus, the plaintiff concludes that the mortgage became invalid six years later. On the contrary, the defendant argues that (C) applies because the mortgage fails to specify when performance is to be completed since the mortgage obligates the maker to pay all taxes and assessments on the property indefinitely into the future. Thus, the defendant concludes that the mortgage is still valid because seventeen years have not yet run.
The relevant background facts are not in dispute. The mortgage was executed on December 28, 1979. The holder of the note, Frank Piccolo, died on September 19, 1981. The inventory of his probate estate listed the mortgage as an asset having a value of $100.00 "based on [the] value of the collateral". The plaintiff failed to make the first quarterly payment due January 1, 1983. On May 4, 1983 the holder of the mortgage commenced an action for foreclosure thereby triggering acceleration of the note. The action never went to judgment and it is uncertain as to whether it was ever returned to court.
The affidavits which accompany the motion make it clear that no payments were made at any time on account of the mortgage. The defendant admitted this fact at oral argument as well as formally in her interrogatory responses. Notwithstanding the above the defendant relies on subsection (1)(C).
The court rejects the defendant's interpretation of the statute. First, the court agrees with the plaintiff that the time limited in the mortgage for full performance while not stated explicitly in terms of a date, is easily determinable to be 10 years of quarterly payments, or 40 payments with the last payment to be made October 1, 1992. Webster's New World Dictionary, 2nd College Edition, 1979 at p. 820 defines the word "limited" as "confined within bounds . . . circumscribed in scope or extent". An unspecified but determinable maturity satisfies this statutory language. CT Page 6225
It is not insignificant that the legislature chose to use the word "limited" rather than "stated" or "specified". Words of a statute must be construed according to their commonly approved usage. G. S. §1-1(a). Cos Cob Volunteer Fire Co. No. 1 v. FOIC, 212 Conn. 100, 105
(1989). When construing a statute, common sense must be used and courts will assume that the legislature intended to accomplish a reasonable and rational result. Ford Motor Credit Co. v. B.W. Beardsley, Inc.,208 Conn. 13, 20 (1988).
The defendant's claim that the plaintiff had a continuing obligation to pay taxes and assessments indefinitely into the future, thereby rendering the mortgage subject to subsection (1)(C) is not nourished by common sense for two reasons. Lesser v. Lesser, 134 Conn. 418, 427
(1948). First, the plaintiff's obligation to pay the entire indebtedness with interest and taxes then due was accelerated by the foreclosure action of 1983. When that action was not returned to court or was withdrawn in 1985, that obligation cease by virtue of the mortgagee's failure to pursue the foreclosure to judgment and to recommence that action or institute a new action within the time required by law. Second, an inactive, dormant mortgage is not kept alive and enforceable even for seventeen years by virtue of an obligation to pay a sum of money to a third party, e.g. taxes to a municipality.
The defendant places great reliance on Judge Flynn's opinion in Smithv. Mideastern Mortgage and Investment Associates, Inc.,24 Conn.L.Rptr. 516, 558 (August 2, 1999). Such reliance is misplaced because in that case the mortgage instrument specified a final maturity date of February 24, 1991, unlike the subject mortgage which contains no specific date.
Based on the above, the court finds that this mortgage is subject to the terms of subsection (1)(A) of § 49-13 (a). The court further finds that there is no genuine issue of material fact with respect to the following: 1) that the mortgagor-plaintiff has been in undisturbed possession of the mortgage property for at least six years from October 1, 1992; 2) the date limited in the mortgage for full performance of the mortgage is October 1, 1992; 3) that more than six years has elapsed next preceding the commencement of this action; 4) pursuant to subsection (c) of the statute, no payment on account of the debt secured by the mortgage was made within said six year period; 5) no other act occurred within such period in recognition of the existence of the mortgage as valid. Accordingly, the mortgage is hereby declared to be invalid.
This leads the court to the issue of whether any of the $500,000 recited in the note was actually loaned to the plaintiff. The uncontroverted affidavit of Carol Holmes establishes that the actual sum CT Page 6226 of money which Piccolo loaned to the plaintiff was $50,000 and no more. Whether the court should exercise its discretion to order repayment of the $50,000 to the defendant with interest to date depends upon several considerations. First, while § 49-13 is not a statute of limitations but rather a statutory remedy designed to remove a cloud on title,Simonelli v. Fitzgerald, 156 Conn. 49 (1968), whether the underlying note is enforceable under the applicable statute of limitations is a factor which "the court ought equitably to take into consideration in exercising its discretion. The specific statute of limitations applicable to enforcement of the promissory note is § 52-576 which creates a period of six years after the right of action accrues. The court has already held that the note became payable in full by its own terms on October 1, 1992. Thus, more than six years have elapsed since that date, thereby rendering the note unenforceable if an action to enforce collection were brought.[2] Second, the plaintiff is now a dissolved corporation whose only asset is the property subject to the mortgage (affidavit of Robert J. Nichols dated December 10, 1999). The court declines to order repayment of this sum.
 Conclusion
Judgment may enter for the plaintiff declaring invalid the mortgage recorded in the Easton Land Records in volume 73 at page 1093. The court further declines to order payment of any balance of the indebtedness which may be due on the mortgage.
BY THE COURT,
Mottolese, Judge