******************************************************

The "officially released" date that appears near the beginning of each opinion is the date the opinion will be published in the Connecticut Law Journal or the date it was released as a slip opinion. The operative date for the beginning of all time periods for filing postopinion motions and petitions for certification is the "officially released" date appearing in the opinion. In no event will any such motions be accepted before the "officially released" date.

All opinions are subject to modification and technical correction prior to official publication in the Connecticut Reports and Connecticut Appellate Reports. In the event of discrepancies between the electronic version of an opinion and the print version appearing in the Connecticut Law Journal and subsequently in the Connecticut Reports or Connecticut Appellate Reports, the latest print version is to be considered authoritative.

The syllabus and procedural history accompanying the opinion as it appears on the Commission on Official Legal Publications Electronic Bulletin Board Service and in the Connecticut Law Journal and bound volumes of official reports are copyrighted by the Secretary of the State, State of Connecticut, and may not be reproduced and distributed without the express written permission of the Commission on Official Legal Publications, Judicial Branch, State of Connecticut.

******************************************************

CHRISTOPHER FITZPATRICK *v.* U.S. BANK
NATIONAL ASSOCIATION,
TRUSTEE ET AL.
(AC 38810)

Lavine, Mullins and Dubay, Js.

*Argued February 21—officially released June 6, 2017*

(Appeal from Superior Court, judicial district of
Fairfield, Kamp, J.)

*Ryan P. Driscoll*, with whom, on the brief, was *Richard J. Buturla*, for the appellant (plaintiff).

*Pierre-Yves Kolakowski*, with whom, on the brief, was *Zachary B. Grendi*, for the appellees (defendants).

*Opinion*

LAVINE, J. The plaintiff, Christopher Fitzpatrick, appeals from the judgment of the trial court granting a motion to strike filed by the defendants, U.S. Bank National Association as Trustee for MASTR 2007-2, and U.S. Bank National Association. He claims that the court erred in ruling that he failed to meet the temporal requirements to petition to discharge his mortgage pursuant to General Statutes § 49-13. We affirm the judgment of the trial court.

The following facts and procedural history are relevant to our resolution of the plaintiff's claim. On August 16, 2007, the plaintiff executed and delivered a note for a loan in the amount of $580,000 to Comp-U-Fund Mortgage Corporation (Comp-U-Fund). On the same date, to secure the note, he executed a mortgage on a property located at 48 Second Avenue in Stratford in favor of Mortgage Electronic Registration Systems, Inc., as nominee for Comp-U-Fund. After a number of endorsements and assignments, the defendants became the holder of the note and the mortgage. Pursuant to the terms of the note and the mortgage, the plaintiff was responsible for making payments on the first day of every month beginning on October 1, 2007, until the maturity date of September 1, 2037. On May 1, 2009, the plaintiff stopped making payments, defaulted on the note, and has since remained undisturbed on the property. The defendants accelerated the note and commenced a foreclosure action against the plaintiff, which was subsequently dismissed "due to dormancy" on the part of the defendants.

On May 27, 2015, the plaintiff served a complaint on the defendants. He alleged that, pursuant to § 49-13,[1] he was entitled to a discharge of the mortgage because he had remained in undisturbed possession of the property since May 1, 2009, a period of six years. On July 15, 2015, the defendants filed a motion to strike the complaint, claiming that the plaintiff failed to state a cause of action. They argued that the plaintiff was precluded from filing a petition for a discharge of the mortgage until he had been in undisturbed possession of the property for six years after September 1, 2037, the maturity date, because, under § 49-13, the maturity date and the "time limited in the mortgage for the full performance of the conditions thereof" were synonymous terms.[2] In the plaintiff's objection to the defendants' motion to strike, he argued that the defendants had advanced the maturity date to May 1, 2009, when they elected to accelerate the mortgage. Because the maturity date and the "time limited in the mortgage for the full performance of the conditions thereof" were the same, the plaintiff was entitled to a discharge of the mortgage because he had remained undisturbed on the property since May 1, 2009, six years after the time limited in the mortgage.

On November 23, 2015, the court granted the defendants' motion to strike the plaintiff's complaint. In its memorandum of decision, it agreed with the defendants that "the plaintiff cannot state a claim for discharge of his mortgage under . . . § 49-13 because the statute does not permit the filing of a petition for discharge until at least six years after the time limited in the mortgage for the full performance of the conditions of the mortgage, which, for purposes of this action, is the September 1, 2037 maturity date of the mortgage, and not the acceleration date." (Footnote omitted.) Relying on Superior Court precedent, it concluded that the "time limited for full performance of [the] mortgage is the mortgage['s] maturity date, even in situations where the mortgagor's default has caused the mortgagee to accelerate the mortgage debt." Subsequently, on January 4, 2016, the court granted the defendants' motion for judgment.[3] This appeal followed.

On appeal, the plaintiff claims that the court erred in granting the defendants' motion to strike his complaint. He argues that he has met the temporal requirements of § 49-13 to petition to discharge the mortgage because the language of the statute clearly provides that the "time limited in the mortgage for the full performance of the conditions thereof" refers to the "time period in which the mortgagor must repay the underlying note," which, in this case, is the date to which the defendants elected to accelerate the mortgage—May 1, 2009. The defendants argue that the statute plainly and unambiguously provides that the phrase "time limited in the mortgage for the full performance of the conditions thereof" refers to the maturity date explicitly provided for in the mortgage, which is September 1, 2037, and not the acceleration date. We agree with the defendants.

The plaintiff's claim requires us to interpret § 49-13. "Statutory construction raises questions of law over which we exercise plenary review. . . . When construing a statute, [o]ur fundamental objective is to ascertain and give effect to the apparent intent of the legislature. . . . In other words, we seek to determine, in a reasoned manner, the meaning of the statutory language as applied to the facts of [the] case, including the question of whether the language actually does apply. . . . In seeking to determine that meaning, General Statutes § 1-2z directs us first to consider the text of the statute itself and its relationship to other statutes. If, after examining such text and considering such relationship, the meaning of such text is plain and unambiguous and does not yield absurd or unworkable results, extratextual evidence of the meaning of the statute shall not be considered." (Citation omitted; internal quotation marks omitted.) *Jodlowski* v. *Stanley Works*, 169 Conn. App. 103, 110, 147 A.3d 741 (2016).

"[I]n the construction of the statutes, words and phrases shall be construed according to the commonly

approved usage of the language; and technical words and phrases, and such as have acquired a peculiar and appropriate meaning in the law, shall be construed and understood accordingly. . . . If a statute or regulation does not sufficiently define a term, it is appropriate to look to the common understanding of the term as expressed in a dictionary." (Citation omitted; internal quotation marks omitted.) *Marchesi* v. *Board of Selectmen*, 309 Conn. 608, 616, 72 A.3d 394 (2013).

The salient language in § 49-13 (a) is as follows: "When the record title to real property is encumbered (1) by any undischarged mortgage, and (A) the mortgagor or those owning the mortgagor's interest therein have been in undisturbed possession of the property for at least six years after the expiration of the *time limited in the mortgage for the full performance of the conditions thereof*, and for six years next preceding the commencement of any action under this section . . . the person owning the property, or the equity in the property, may bring a petition to the superior court for the judicial district in which the property is situated, setting forth the facts and claiming a judgment as provided in this section." (Emphasis added.)

After our plenary review of § 49-13 (a) (1) (A), we conclude that the phrase "time limited in the mortgage for the full performance of the conditions thereof" clearly and unambiguously refers to the maturity date specified in the mortgage, which the defendants argue is the appropriate date, and not the acceleration date, which the plaintiff argues is the appropriate date. In reaching this conclusion, we define the term "limited." The term "limited" is not sufficiently defined in the statute or in related statutes. Thus, we will use its commonly approved usage. Merriam-Webster's Collegiate Dictionary (11th Ed. 2003) defines "limited" as "confined within limits," and it defines "limit" as "something that bounds, restrains, or confines." According to a plain reading of the statute, the time referenced in § 49-13 (a) (1) (A) is the date specified in the confines of the mortgage, which is the maturity date. If the legislature agreed with the plaintiff's argument that a mortgagee's decision to accelerate a debt advances a mortgage's maturity date to the date of acceleration, it would have included such a provision within the statute. See *McCoy* v. *Commissioner of Public Safety*, 300 Conn. 144, 155, 12 A.3d 948 (2011) ("[o]ur case law is clear . . . that when the legislature chooses to act, it is presumed to know how to draft legislation consistent with its intent and to know of all other existing statutes and the effect that its action or nonaction will have upon any one of them" [internal quotation marks omitted]).

In reaching our conclusion, although no appellate authority has addressed this precise issue, we note that previous Superior Court decisions have interpreted the phrase "time limited in the mortgage" to mean the matu-

rity date of the mortgage, even in cases where the mortgagee elected to accelerate the mortgage and the note. See, e.g., *Easton Memorial Gardens, Inc.* v. *Piccolo*, Superior Court, judicial district of Fairfield, Docket No. CV-99-0361504-S (May 26, 2000) (27 Conn. L. Rptr. 225) (time limited within mortgage for full performance thereof referred to unspecified but determinable maturity date); see also *Macker* v. *Republic Bank*, Superior Court, judicial district of Fairfield, Docket No. CV-14-6044369-S (January 2, 2015) (59 Conn. L. Rptr. 533) (plaintiff not entitled to relief under § 49-13 until six years after maturity date); *Smith* v. *Mid Eastern Mortgage & Investment Associates, Inc.*, Superior Court, judicial district of Ansonia-Milford, Docket No. CV-98-063120-S (May 24, 1999) (24 Conn. L. Rptr. 558) (plaintiffs' mortgage discharged because plaintiff had not made payments for more than six years after maturity date).

In the present case, the maturity date of the mortgage is September 1, 2037. Thus, the time limited in the mortgage for the full performance of the conditions of the mortgage under § 49-13 is September 1, 2037. Accordingly, we agree with the trial court's thoughtful memorandum of decision and conclude that the plaintiff is not eligible to petition for discharge of the mortgage because he has not remained in undisturbed possession of the property for six years after the time limited in the mortgage for the full performance of the conditions thereof.

The judgment is affirmed.

In this opinion the other judges concurred.

[1] General Statutes § 49-13 (a) provides, in relevant part: "When the record title to real property is encumbered (1) by any undischarged mortgage, and (A) the mortgagor or those owning the mortgagor's interest therein have been in *undisturbed possession of the property for at least six years after the expiration of the time limited in the mortgage for the full performance of the conditions thereof,* and for six years next preceding the commencement of any action under this section . . . the person owning the property, or the equity in the property, may bring a petition to the superior court for the judicial district in which the property is situated, setting forth the facts and claiming a judgment as provided in this section. . . ." (Emphasis added.)

[2] The defendants also argued that even if the plaintiff satisfied the temporal requirements of § 49-13, he was still not entitled to relief because the defendants recognized the validity of the mortgage within the six year time period. The plaintiff also addressed this contention during oral argument before this court. We need not address this claim because we agree with the court that the plaintiff cannot bring a claim until six years after September 1, 2037, the maturity date stated in the mortgage.

[3] Although a motion to strike does not constitute a final judgment, we have jurisdiction over the plaintiff's claim because the court granted the defendants' motion for judgment when the plaintiff failed to timely and adequately plead over. See Practice Book § 10-44; *Campbell* v. *Plymouth*, 74 Conn. App. 67, 69 n.1, 811 A.2d 243 (2002).